JAMES D. WESTCOTT,

*vs.*

JONATHAN R. ALLSTON AND JOHN ALLSTON.

*New Castle, Aug. T.* 1819.

The rule of court, which requires that objections to the competency of a witness be filed within the first three days of the term to which the commission is returned, does not supersede the necessity of filing articles.

The defendant having, under the interrogatories, examined a witness for the complainant as to his interest, held that it was irregular to file objections after the return of the commission.

The answers of a witness taken under the interrogatories in chief and under the cross interrogatories form but one deposition, and the signature of the witness and certificate of the commissioner, though made only at the end of the whole, is sufficient.

BILL IN EQUITY. EXCEPTIONS TO ADMISSIBILITY OF A DEPOSITION.—At the hearing of this cause the deposition of Powell Garretson, a witness for the complainant, being offered in evidence, was objected to, on two grounds, viz: 1st., on the ground of interest in the witness, with respect to which exceptions had been filed, as required by the rule of court : and 2nd, because the witness had not subscribed his name to his answers to the interrogatories in chief ; nor was there any certificate by the commissioner, appended to the answers to said interrogatories, that the witness had been sworn to such interrogatories : but following the answers to the cross interrogatories was the signature of the witness and the certificate of the commissioner in the usual form.

*Rodney* for the complainant, in support of the deposition.

The answers to the interrogatories in chief and to the cross interrogatories form together one deposition only. The deposition is not complete until the answers are taken to both sets of interrogatories. The whole of the answers should be taken, and then the whole subscribed and certified to as one deposition. 1 *Harrison's Ch. Pr.*, 328–9.

As to the objection to the interest of the witness,—such objection must be taken in one of two modes ; that is, either by filing cross interrogatories to the point of interest and proving it out of the witness' own mouth, as on a *voir dire* ; or by filing articles, in which latter case his competency can be sustained under cross interrogatories filed to the articles. Here, the defendant has examined the witness, as to his interest, on cross interrogatories ; 12 *Ves. Jr.* 408 Both courses cannot be pursued in the same case. The election of one bars the other.

*Van Dyke*, for defendants, contra.

1. It is the practice to sign the original examination as well as the cross examination. We know of no case in which the examination has not been signed, both to the interrogatories in chief and to the cross interrogatories. The practice treats them as separate examinations, and the commission must be so construed. This commission therefore has not been complied with. The defect is one of substance. For, perhaps the witness would not sign the original examination. He might refuse that though he signs the cross examination. Here, there is nothing to show that the witness meant to become responsible for the examination on the original interrogatories. 1 *Harrison's Ch. Pr.* 329, *citing* 1 *P. Wms.* 414.

2. As to the interest of the witness. The rule at law, that you cannot examine a witness on his *voir dire*, and then show his interest by other evidence, does not apply here. We have no notice of the witnesses to be sworn. We did

file an interrogatory as to the interest of the witness, but are not thereby precluded from further examination as to his interest. 1 *Harrison's Ch. Pr.* 401–2, *citing* 3 *Atk.* 643. Our proceeding is sufficient under the rule of court, exceptions being filed within the time prescribed by it.

Ridgely, Chancellor.—I am of opinion that the deposition of Powell Garrettson should be read in the cause. There were two objections to this deposition; first, that the witness is interested in the cause; second, that the witness has not signed that part of the deposition which contains his answers to the plaintiffs interrogatories; but after the examination was completed, that is, after the answers to *all* the interrogatories were given, then the deposition was signed at the end of it, and certified by the commissioner to be sworn and subscribed before him.

The rule of court which requires that *all objections to the execution of a commission or to the competency of any witness, should be made in writing on the third day of the term and not after*, was never intended to supersede the necessity of filing articles. Generally, until the commission is returned and publication passes, the opposite party knows not who has been examined. When he discovers that any of the witnesses are incompetent, he is then on the third day to file his objections.

This rule was made for the purpose of giving notice to the opposite side before the time of hearing, of objections, both as to the execution of the commission and the competency of the witnesses. If the objection is to the competency of the witnesses, then articles should be filed, so that the party producing the witness may sustain his credit or his competency by the examination of witnesses. Here, before any objections or articles were filed, the defendant examined in chief as to the interest of the witness, Powell Garretson, and then filed his objections, which was irregular.

As to the form of the deposition, the only objection here is, that the witness did not sign his answers to the interrogatories of the plaintiff, as well as to the interrogatories of of the defendant.

The signature of the witness is a signing to all the answers as made to all the interrogatories. The whole makes the deposition. They are all connected together, and are but one deposition. The commissioner certifies to his swearing and signing, and it is sufficient, although the distinct answers to the interrogatories of the plaintiff are not distinctly and separately signed.

Let the deposition be read.