away a right; they are the appropriate words, in a statute which gives a new remedy, but which intends at the same time to reserve a pre-existing right; by the new remedy a party may take his election to proceed upon the statute or at the common law; the saving clause in the statute is cumulative, and in affirmance of the common law.

Motion in arrest of judgment is therefore overruled, and judgment must be entered upon the verdict.

VAN METTER v. MITCHELL. See Case No. 16,865.

VAN NAME (TRIPLET v.). See Case No. 14,176.

VAN NESS (BALTIMORE & O. R. CO. v.). See Case No. 830.

VAN NESS (BANK OF UNITED STATES v.). See Case No. 938.

VAN NESS (BEATTY v.). See Case No. 1,-198.

VAN NESS (BROHAWN v.). See Case No. 1,920.

VAN NESS (CRAMPTON v.). See Case No. 3,343.

VAN NESS (GILLIS v.). See Case No. 5,-440.

## Case No. 16,866.

VAN NESS v. HEINEKE.

[2 Cranch, C. C. 259.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.

DEPOSITIONS — CAPTION — CERTIFICATE OF MAGISTRATE.

It is no objection to a deposition that, in the caption, it is not stated in what county the cause is depending; nor that the name of one of the parties is misspelled, nor that the magistrate has not certified that he reduced the testimony to writing in the presence of the witness, nor that the witness signed it in the presence of the magistrate.

[Cited in Re Thomas. 35 Fed. 823.]

Mr. Lear, for plaintiff, offered a deposition in evidence.

Mr. Marbury, for defendant, objected to the reading of it: (1) Because the cause is stated, in the caption of the deposition, as depending in the circuit court of the District of Columbia, without stating in which county. (2) Because the name of the defendant is misspelled. In the deposition it is spelled Henick, but in the writ it is spelled Hinneckee. In the declaration it is spelled Henick, as in the deposition. (3) Because the deposition, although written by the magistrate, is not certified to have been written in the presence of the witness; nor to have been signed by the witness in the presence of the magistrate.

THE COURT overruled the objection.

THRUSTON, Circuit Judge, thought the first objection was fatal.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,867.

VAN NESS v. HYATT et al.

[5 Cranch, C. C. 127.] [1]

Circuit Court, District of Columbia. March Term, 1837. [2]

UNRECORDED LEASE—EQUITY OF REDEMPTION IN LEASEHOLD ESTATE—EXECUTION.

1. A lease for ten years, not recorded, is good for seven years, under the law of Maryland.

2. The equity of redemption of a leasehold estate cannot be seized and sold under a fieri facias.

Bill in equity [by John P. Van Ness against Alpheus Hyatt, James Shields. Ann Blanchard, Charles Glover. and Jane. his wife, Mary Franks. and James Moore] to redeem a mortgage of a leasehold estate; the complainant claiming as purchaser of the equity of redemption sold under a fieri facias against Shields. the mortgagor, upon a judgment for $30.25, recovered before a justice of the peace. The cause was set for hearing on the bill, answers, general replication, and exhibits. The material facts appear to be as follows: On the 31st of December, 1818. William Cocking, being seized in fee of part of lot 12, in square 406. in the city of Washington, by indenture of that date, leased the same to the defendant. James Shields, for ten years from the 1st of January, 1819, at the rent of $35 a year, clear of taxes. &c., and to build a two-story brick house thereon within twelve months, with leave to purchase the fee-simple at the end of the ten years, by paying $375 and all arrears of rent. This lease was duly acknowledged. but was never recorded. Shields built the two-story house according to contract, and on the 23d of September, 1823, mortgaged the house and lot to the defendant. John Franks, to secure a debt of $1,129.18. On the 19th of August, 1825, Charles W. Botelor, a constable of Washington county, D. C., executed a deed to Mr. Van Ness, duly acknowledged and recorded, which recites a writ of fieri facias, stating a judgment on the 8th November. 1825, in favor of Mr. Van Ness against Shields for $28.40, and $1.27 interest and fifty-eight cents costs, commanding the constable to levy the debt. damages, and costs. "of the goods, chattels, lands, and tenements" of Shields; and that the constable "laid the same upon a certain lot of ground of him. the said James Shields. that is. upon the right. title. estate, interest. and claim of him, 'he said James Shields, therein lying and being in the city of Washington, and being part of lot No. 12, in square 406, beginning." &c.. "as the same was then occupied and held by the said Shields;" and on the 10th of July, 1824, exposed "the said part of a lot. &c.. that is, all the right. title," &c., to public sale to the highest bidder, and

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 13 Pet. (38 U. S.) 294.]