*704
 
 Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 On the-trial of the issues of'fact in this case before the Circuit Court, the defendant offered to read the deposition of William S'. Rayner, which had been taken
 
 de bene esse,
 
 iinder the. thirtieth section of the Judiciary Act. It was objected to by the plaintiff’s counsel, as not coming within the conditions prescribed by that act. The court admitted the deposition, and sealed, a bill of exceptions, which is the foundation of the first assignment óf error.
 

 A notice was served on tbe plaintiff’s counsel,.signed by the commissioner or magistrate, and stating the time and place at which it was intended to be taken, and that “ I shall take the deposition of William S. Rayner,
 
 (about to depart the State,)
 
 to be read on the part1 of the defendant,
 
 de bene esse,”
 
 &c.
 

 When the deposition was offered, the defendant proved to the court, that “ when said deposition was taken, said Rayner was on his way to the republic of Texas, to reside there, and that he was a citizen of, and resided in, said republic.”
 

 It has been decided by this court, in the case, of Bell
 
 v.
 
 Morrison, 1 Peters, 351, that “ the authority to take depositions in this manner, being in derogation of the rules of common law, has always been construed strictly, and therefore it is necessary to establish that all the requisitions, of the law have been complied with before such testimony is admissible.”
 

 The conditions under which a party is permitted, and a magistrate authorized, to take depositions
 
 de bene esse,
 
 under this act, are, — 1st, that the witness lives at a greater distance .from the place of trial than one hundred miles; 2d, or is bound on a' voyage to sea; 3d, or is about to go out of the United States;• 4th; or out of such district to a greater distance from the place of trial than one hundred miles, before the time of trial; 5th, or is ancient or very infirm.
 

 The magistrate is required also to deliver to the court, together with the depositions so taken, a
 
 certificdte of the reasons of their being taken,
 
 and of the notice, if any, given to the opposite party. ■ In order to entitle the party to. read such depositions when taken and certified in due form of law, he must show, that, at the time of the trial, — 1st, either the witness is dead ; 2d, or gone out of the United States-; 3d, or to a greater distance than one hundred miles from the place where the court is
 
 sitting;
 
 4th, or that, by reason of age, sickness,
 
 or
 
 bodily infirmity, he is unable
 
 tó
 
 travel and appear at court.
 

 Now, assuming that the defendant has brought himself within the conditions which would enable him to read .a deposition regularly taken and certified according to the requisitipns of this act, the question is, whether this, deposition was so taken and certified.
 

 
 *705
 
 The authority or jurisdiction conferred on the magistrate by this act is special, and confined within certain limits or conditions, and the facts calling for the exercise of it should appear upon the face''of the instrument, and not be left to parol proof. The act of Congress requires them to be certified by the magistrate. It would be reasonable, also, where notice is required to be given to the opposite party, that such notice should show on its face that, the contingency has happened which confers jurisdiction on the magistrate, and gives a right to the party to have the deposition taken, so that the party on whom the notice is served may be able to judge whether it is necessary or proper that he should attend. The notice in this • case states .only that the witn'ess is “about to depart the State,”.not that he is bound on a voyage to sea, or about to go out of the United States, or a hundred miles from the place of trial.
 

 This notice is appended or annexed to the' deposition, with a return of service by |the marshal; but the service is not certified by the magistrate, nor does he certify, as required by the act, “ the. reasons ” for taking the deposition. The presence of the plaintiffs attorney, who declined to take any part in the proceedings, cannot affect the case, or amount to a waiver of any objection to the want of authority apparent on the face of this certificate.
 

 We are of opinion,i herefore, that'the court erred in admitting this deposition to be read to the jury.
 

 The third and fourth exceptions have been abandoned on the argument, and the second does not appear to be well taken. When parties, with a full-'knowledge of the contents of a deposition, agree that it shall be read'to the jury on the trial of the cause, they have no right to complain of thé court for
 
 not
 
 excluding from the consideration of the jury the very matter which they themselves have agreed should be read to them.
 

 The record in this case does Sot show that any judgment was given by the court below .on the demurrer. If a defendant plead several pleas in bar, either of which is a defence to the whole action, and one be found in his'favor, he is entitled to judgment. . For this reason the parties may have considered it unnecessary to pray the judgment of the court on the plea demurred to, as the issues on the other pleas had. been found in favor of the defendant, and judgment, rendered thereon for him. And the plaintiff here, wlr. was also plaintiff below, cannot assign error on an issue" in which there was no judgment of the court below.' The -validity of the defence
 
 se't
 
 up in that plea is consequently not before this court, and cannot be noticed. But as the trial of these issues below took place before the de-. cisión in this court of the cases of Harris
 
 v.
 
 Runnels,
 
 5
 
 How.
 
 *706
 
 135, and Sims
 
 v.
 
 Hundley, 6 How. 1, and as these cases show that the issues of fact are immaterial, though found for the defendant, the defence will probably turn wholly on the decision of the point raised by the demurrer.
 

 The judgment of the Circuit Court is reversed.
 

 Order
 

 This cause came on to be Heard on the transcript
 
 of
 
 the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to award a
 
 venire facias de novo.