DINGEE (CUTTER v.). See Case No. 3,518.

DINIKE v. ROURKE. See Case No. 3,787.

DINSMORE (BERRY v.). See Case No. 1,355.

## Case No. 3,920.

### DINSMORE v. MARONEY.

[4 Blatchf. 416;[1] 4 Wkly. Law Gaz. 283.]

Circuit Court, S. D. New York. Dec. 15, 1859.

TAKING DEPOSITIONS—WAIVER OF NOTICE—NOTARY—CERTIFICATE.

1. Where the requirements of section 30 of the judiciary act of September 24, 1789 (1 Stat. 88), in regard to giving previous notice of the taking of a deposition de bene esse, are not complied with, if a notice is in fact served, and the adverse party appears by counsel and cross-examines the witness, the deposition is admissible in evidence.

[Cited in Re Thomas, 35 Fed. 823.]

2. A deposition under section 30 of the said act of September 24, 1789, may, under the provisions of the act of July 29, 1854 (10 Stat. 315), be taken before a notary public.

3. Where the certificate of the notary states the existence of facts which, under the act of 1789, make it unnecessary to give any notice, it is not necessary that the certificate of the notary should state that those facts were the reason why no notice was given.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

4. The certificate and seal of the notary are sufficient proof of his authority to act as such.

[5. Cited in Dinsmore v. Philadelphia & R. R. Co., Case No. 3,921, to the point that corporations may sue and be sued as citizens.]

This was an action of trover [by William B. Dinsmore, president of the Adams Express Company, against Nathan J. Maroney]. At the trial, before INGERSOLL, District Judge, and a jury, the plaintiff offered in evidence the deposition of one Moses, taken de bene esse, under section 30 of the judiciary act of September 24, 1789 (1 Stat. 88). The defendant objected to the admissibility of the deposition, on the ground that the requirements of the act, in regard to giving previous notice of the taking of the deposition, had not been complied with. But, it appearing that a notice had in fact been served, and that counsel for the defendant had attended and cross-examined the witness, the court overruled the objection, and admitted the deposition in evidence. The plaintiff also offered in evidence the deposition of one Agnew, taken de bene esse, under said act, but before a notary public, and claimed that, by virtue of the provisions of the act of July 29, 1854 (10 Stat. 315), a notary public was authorized to take a deposition de bene esse under the act of 1789. The defendant objected to the admissibility of the deposition, because it could not be lawfully taken before a notary public, and because there was no evidence of the official character of that officer, except his own certificate and seal, and because, it not appearing, by the notary's certificate, that any notice was given of the taking of the deposition, the certificate of the notary did not state the reason why no notice was given. The court held, that the act of July 29, 1854, authorized the taking of the deposition, before a notary public; that as the certificate of the notary stated the existence of facts which, under the act of 1789, made it unnecessary to give any notice, it was not necessary that the certificate of the notary should state that those facts were the reason why no notice was given; and that the certificate and seal of the notary were sufficient proof of his authority to act as such. The deposition was, therefore, admitted in evidence.

Charles O'Conor, Francis B. Cutting, Samuel Blatchford, and Clarence A. Seward, for plaintiffs.

John W. Ashmead and Philip J. Joachimssen, for defendant.