## COVEY, ADMINISTRATOR, *v.* CAMPBELL.

DEPOSITION.—*Suppression of Question for Irrelevancy.*—A question in a deposition, which may in the course of the trial become relevant, should not, before the trial, be suppressed for alleged irrelevancy.

EVIDENCE.—*Opinion of Witness as to Value of Service of Attorney.*—On the trial of an action to recover the value of services rendered by the plaintiff as an attorney in defending another action, a question is not irrelevant which seeks the opinion of a witness as to the value of such services, such opinion being founded upon the character of the case set out in the complaint filed in said other action, or upon a hypothetical case put to the witness corresponding with the real case.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*L. M. Campbell,* for appellee.

WORDEN, J.—This was a claim filed by the appellee against the estate, for services as an attorney at law, rendered by the appellee to the deceased in his lifetime, in an action in the Boone Circuit Court, wherein one Mary Hendricks was plaintiff, and the deceased was defendant. Answer, issue, trial by jury, verdict and judgment for the plaintiff.

No question is made in the case except such as arise upon the motion for a new trial.

The defendant moved for a new trial, and assigned the following causes:

"1. That the verdict of the jury is not sustained by sufficient evidence.

"2. That the verdict of the jury is contrary to law.

"3. That the jury erred in the assessment of the amount of the recovery, the same being too large.

"4. That the court erred in refusing to quash the sixth question and answer in the deposition of C. C. Galvin, setting out the question and answer at large.

"5. For error of the court in overruling the objection of the defendant to the introduction in evidence of the question and answer above mentioned in the fourth cause.

"6. For error of the court in permitting the following question to be put to, and answered by, C. C. Wesner, Joshua G. Adams and Cyrus C. Hines, over the objection of the defendant, on the ground of 'irrelevancy and inadmissibility,' viz.: 'From the character of the case set out in the complaint filed in the Boone Circuit Court, of Mary Hendricks against Jesse Hendricks, for a divorce, what would be a reasonable fee for defending said suit?' Answer: 'It would be worth from five hundred to a thousand dollars, taking into consideration the circumstances growing out of the charges and character of the case.'"

With regard to the first three reasons for a new trial, we may observe that it seems to us that the verdict was in accordance with law, sufficiently sustained by the evidence, and that the amount of the recovery, three hundred dollars, was reasonable and not excessive.

Before the trial, the defendant moved to suppress the sixth question and answer in the deposition of C. C. Galvin, "because of its irrelevancy," but the motion was overruled. The question sought the opinion of the witness as to the value of the plaintiff's services in the case in the Boone Circuit Court, the assumed nature and character of the case being put hypothetically. We are of opinion, on comparing the case thus put hypothetically to the witness with the case as shown by the complaint in the Boone Circuit Court,

that the hypothetical case put corresponded very well with the real case.

The question was not irrelevant. Besides, it is difficult to see how the court could then determine whether the question was relevant or otherwise to the case yet to be shown by the evidence.

. On the trial of the cause, the deposition was the first evidence offered, and the defendant objected to the sixth question and answer, "because the same was argumentative, leading and irrelevant," but the objection was overruled.

The question was not, in our opinion, open to either of the grounds of objection thus stated. The question was long, and it is useless to take up space by setting it out. This disposes of the fourth and fifth reasons for a new trial.

The question put to the witnesses Wesner, Adams and Hines, as stated in the sixth reason for a new trial, was clearly relevant. The word "inadmissibility," as used in that cause for a new trial, points out no ground of objection.

There is no error in the record.

The judgment below is affirmed, with costs.