## *In re* THOMAS.

### *(District Court, D. South Carolina. July 13, 1888.)*

1. DEPOSITIONS—NARRATIVE FORM ON TYPE-WRITER—WAIVER OF OBJECTION.
   Under Rev. St. U. S. § 864, requiring a deposition to be reduced to writing by the officer taking it, or by the witness in the presence of such officer, and by no other person, the irregularity of taking the testimony in a continuous narrative form, on a type-writer, will be waived by appearance and cross-examination by the adverse party, who is also an attorney of record in the case, without objecting to the form of the deposition or the use of the type-writer.

2. SAME—CERTIFICATE.
   Part of such testimony being in writing, and the certificate of the officer not showing whose writing it was, the deposition should be suppressed as the exceptor could not be deemed, by appearing, to have waived an irregularity which was not committed until after the testimony was taken.

3. SAME—SUPPRESSION—RE-EXAMINATION.
   Such omission not being the fault of the party in whose interest the depositions were taken, he should be allowed an opportunity to re-examine the witnesses whose depositions were suppressed.

In Bankruptcy. Motion to suppress deposition.
*Mitchell & Smith*, for assignee.
*J. P. K. Bryan*, for bankrupt.

SIMONTON, J. A deposition *de bene esse* after due notice was taken in this case before Robert R. Shellaberger, Esq., a notary public, in Washington, D. C. The witness examined was William E. Earle, Esq., an attorney on this record, for A. Blythe, assignee, resident in Washington. At his examination William M. Thomas, Esq., who is also an attorney on the record, was present. The package containing the deposition was sent by mail to the clerk of this court. The cause was under reference to a special master. An order of court was obtained, and the deposition

was opened. Thereupon the present attorney for Mr. Thomas moves to suppress the deposition for the reasons stated below.

It appears that the testimony in chief of Mr. Earle is a continuous narrative, taken down on a type-writer, numbering 13 pages of law cap At the end of it, there appears in manuscript, in the hand, apparently, of Mr. Shellaberger, the notary public, eight objections made by Mr. Thomas to the testimony of Mr. Earle. The first objection goes to the whole testimony as irrelevant, not responsive, and not being the best evidence. The other objections are to certain specified parts of the testimony. No objection was made either as to the form of the testimony, or to the manner in which it was submitted and presented. Then follows the cross-examination of Mr. Earle by Mr. Thomas, and his examination in reply, all in manuscript, in the handwriting, apparently, of Mr. Shellaberger. The first objection is to the testimony taken on the type-writer. It is not in the handwriting of the notary, nor of the witness, as is required by section 864, Rev. St. There can be no question that depositions *de bene esse*, being in derogation of the common law, and having their sanction solely in the statute, must follow all the statutory requirements, or in general they will be excluded. *Bell* v. *Morrison*, 1 Pet. 351; *Cook* v. *Burnley*, 11 Wall. 659. When, however, the party taking the deposition has given notice to the other party, who attends, and cross-examines the witnesses, all irregularities attending the taking of the deposition, or occurring during the examination of the witness, not objected to at the time, are deemed to be waived. *Shutte* v. *Thompson*, 15 Wall. 151; *Dinsmore* v. *Maroney*, 4 Blatchf. 416, 17 Myers Fed. Dec. 636. In this case Mr. Thomas himself was present, saw the statement of Mr. Earle submitted, taken on the type-writer, examined it, made objections to it in whole and as to parts, but interposed no objection whatever to the fact that he submitted it in narrative and continuous form, prepared and taken on a type-writer. This must be held to be a waiver of this irregularity.

The second objection is to the form of the certificate of the magistrate taking the deposition. The certificate uses this language: "* * * That the foregoing deposition was by the said Earle given in my presence, and, when reduced to writing as so given, was by said Earle subscribed and sworn to in my presence." The section 864, Rev. St., requires that the "testimony be reduced to writing by the magistrate taking the deposition, or by himself, [the witness,] in the magistrate's presence, and by no other person." In this case the part of the testimony in manuscript appears to be in handwriting of the magistrate. But there is no certificate of this. Were it certified we might overlook this objection under the cases of *Van Ness* v. *Heineke*, 2 Cranch, C. C. 259; *Vasse* v. *Smith*, Id. 31; *Centre* v. *Keene*, Id. 198, quoted in Desty, Fed. Proc. 459. The objection is fatal. The law requires a certificate that the act was complied with. *Harris* v. *Wall*, 7 How. 693. Inasmuch as the certificate was made after Mr. Thomas had attended, and its contents could not have been known until the deposition was opened, he cannot be held to have waived this defect. Nor is the defect purely formal. The stat-

ute throws around the deposition every safeguard. The character of the officers authorized to take it is limited in number. All of them are officials under commission and sworn. The magistrate, after taking the deposition, must retain it himself until he delivers it with his own hand to the court; or, if he sends it, he must seal it up, and it must remain under his seal until opened in court. Thus every precaution is taken to preserve the integrity of the testimony, to assure the court that that which is reported is the exact testimony given by the witness taken down at the time in his presence. Without such assurance it is not testimony. In this case we are without such assurance. The terms of the act should have been complied with, and such compliance certified to the court. The deposition must be suppressed. But in this instance, and in the instances of the two other depositions for the same party heretofore suppressed on motion of Mr. Bryan, the reasons moving the court to grant the motion are based on the omission or carelessness or inexperience of the magistrate. There was no fault on the part of the petitioner or of his counsel. Beside this, the testimony so taken was to be used before a master, who was ordered to take the testimony in the cause and report it to the court in aid of the court. It thus appears that there is testimony in existence bearing on the issues in this case which is not before the court because of the conduct of others not of counsel or parties in this cause. Can the court, with this knowledge, go on and try the cause without such testimony, if it be within reach? Following the precedent set by Judge STORY, I will, under these circumstances, give the parties an opportunity of correcting this error. Leave is given to the parties in this case to re-examine by deposition the witnesses whose names are in the depositions suppressed in this cause, provided that such depositions be taken before 1st of September next.