ESTHER M. O'NEILL *vs.* JOHN COOLES.

542

(*February* 9, 1928.)

HARRINGTON and RICHARDS, J. J., sitting.

*Daniel O. Hastings* and *Clarence A. Southerland* for plaintiff. *William Prickett* for defendant.

Superior Court for New Castle County, No. 121, January Term, 1926.

HARRINGTON, J., delivering the opinion of the court:

Depositions were not admissible in evidence in the law courts at common law, though they were admitted in equity, and in the admiralty and ecclesiastical courts. 6 *Jones on Evidence*, § 1910, *Pl. & Pr.*; *Randel v. President, etc., of Cheaspeake & D. Canal*, 1 *Harr.* 233, 289; *Wooley on Del. Practice*, § 5821.

Their admission by consent was, however, sometimes practically compelled by the law courts by means of continuances, or otherwise (*Jones on Evidence*, § 1911) but the consitution of this State and the rules of this court now provide for their admission. *Wooley on Del. Prac.*, § 583; *Constitution of* 1897, *art.* 4, § 24.

Being an innovation on common law rules, the constitutional provision and the rules of court relating thereto must ordinarily be substantially complied with for depositions to be admissible in evidence. 6 *Pl. & Pr.* 479; *In re Thomas (D. C.)*, 35 *F.* 822. See, also, *Veach v. Bailiff*, 5 *Harr.* 379; *Randel v. President, etc., of Chesapeake & D. Canal*, 1 *Harr.* 233, 289; *Ander v. Ross*, 2 *Harr.* 276.

In order that the party offering them may not be deprived of the opportunity to produce all of the testimony that he may have in his favor, it has frequently been held that mere formal defects or irregularities in depositions should ordinarily be taken advantage of by exceptions filed before the trial, and such depositions have not always been rejected for defects of that character when objection was first made at the time they were offered in evidence. *Veach v. Bailiff*, 5 *Harr.* 379; *State v. Jones*, 2 *Harr.* 393; *Porter v. Beltzhoover*, 2 *Harr.* 484; *Fitzgibbon's Adm'r v. Kinney*, 3 *Harr.* 317; *Goslin v. Cannon*, 1 *Harr.* 3; *Woodlin v. Hynson*, 1 *Harr.* 224; *Webster v. Hopkins et al.*, 1 *Del. Ch.* 71; 6 *Pl. & Pr.* 588, 591, 592.

Rule 68 of the rules of this court now provides that:

"Exceptions to the execution of the commission shall be filed, and a copy served upon the adverse party, or his attorney, within three days after publication of the same. Such exceptions may, on motion, be heard before the hearing of the cause."

The exceptions in this case were filed under this rule.

The defendant has filed thirteen exceptions to the depositions taken on behalf of the plaintiff.

We need not consider the third exception as the plaintiff concedes that it is well taken and that the answer to the question referred to should be stricken out.

The first and second exceptions allege that it does not appear from the depositions filed, or from any return attached thereto, that the stenographer who took down the testimony of the various witnesses was sworn, or that the stenographic notes or type written copies of such testimony were signed by the witnesses or certified to by the commissioner.

*Rule* 63 of the rules of this court, a copy of which was attached to the commission issued in part provides:

"Each deposition shall be taken down in writing by the commissioner or a stenographer under his immediate direction, the latter being first sworn to discharge his duties with fidelity. * * * The direct examination shall be completed and certified by the commissioner or stenographer before the cross-examination is commenced. The cross-examination shall be completed and likewise certified before the re-examination is commenced. The testimony upon re-examination shall be certified in like manner. * * * Either the stenographer's notes or the typewritten copy of the testimony of the witnesses, when completed, shall be signed by the witness and certified by the commissioner. The whole to be done in the presence of the parties, or their attorney choosing to attend."

It is not contended that it does not appear that the testimony of the witnesses was taken by the commissioner. See *Porter v. Beltzhoover*, 2 *Harr*. 484; *Bailey v. Wiggins*, 1 *Houst*. 299; *Wooley's Del. Prac.*, Sec. 610.

The return of the commissioner is, however, not drawn in the particular and specific manner usually followed in the practice of this State (*Hatfield v. Perry*, 4 *Harr*. 464; *Wooley's Del. Prac.*, §§ 596, 598), and the record does not show that the stenographer was sworn. Nor do the typewritten copies of the depositions returned to this court by the commissioner bear the signatures of the witnesses or the certification of the commissioner at the end of the

examination, cross-examination and re-examination of each witness as is required by the above rule. The original stenographic notes were not filed and the return does not state that they were signed by the witnesses and certified by the commissioner.

It does appear from the record, however, that while the return of the commissioner preceded the depositions of the witnesses, he signed his name at the end of the last deposition. His certification, therefore, applied to the depositions of both witnesses in their entirety and would seem to be substantial and, therefore, sufficient compliance with *rule* 63. *Boston v. Bradley's Executor*, 4 *Harr.* 524; *Westcott v. Allston*, 1 *Del. Ch.* 74; *Wooley's Del. Prac.*, § 596. See, also, *Veach v. Bailiff*, 5 *Harr.* 379.

While it is conceded that the record does not show that the stenographer was sworn, or that the depositions were signed by the witnesses, the plaintiff contends that the exceptions to such depositions should be overruled on two grounds:

1. Because there is a presumption that the provisions of *rule* 63 were complied with.

2. That, even if no such presumption applies, compliance with that rule was waived by the defendant.

The certificate of the stenographer who took the testimony which is included in the record is merely to the effect that the depositions filed "were a true and correct transcription of the notes of testimony taken''; whatever the effect of this certificate may be it certainly does not help the plaintiff in his contentions.

It is true that both the principles of law invoked by the plaintiff may apply to depositions in proper cases (*Van v. Draper*, 2 *Houst.* 126; *Winter v. Simonton*, 3 *Cranch, C. C.* 104, *Fed. Cas. No.* 17, 894; *Anderson v. Thoroughgood*, 5 *Harr.* 199; *In re Thomas* [*D. C.*], 35 *F.* 822; *Shutte v. Thompson*, 15 *Wall.* 151, 21 *L. Ed.* 123; *Winans v. N. Y. & E. R. R. Co.*, 21 *How.* [62 *U. S.*] 88, 16 *L. Ed.* 68; *Note*, 18 *C. J.* 762; 4 *Enc. of Evidence*, 457), but whether they can apply to this case is another question.

In *Van v. Draper*, 2 *Houst.* 126, the court said that it would presume that the commissioner had been sworn and was qualified to act though the record was silent on that question.

While no cases were cited, we assume that the conclusion of the court in that case was based on the theory that the commissioner was a *quasi* officer of the court appointing him and that there was a presumption that he had performed his duty and duly qualified himself to act before examining the witnesses produced before him.

*Winter v. Simonton,* 3 *Cranch, C. C.* 104, *Fed. Cas.* 17, 894, is a case of that character, though differing from *Van v. Draper,* it appears from the return of the commissioner that he had been duly sworn and the only question was whether it was necessary for the qualification of the officer who administered the oath to him, to appear in the record.

The extent to which the rule as to presumptions will be applied in cases of this character is not perfectly clear from the authorities. See *Wigmore on Evidence,* § 2534. As it clearly appears that the transcribed notes of the testimony taken by the commissioner were not signed by the witnesses that no presumption can apply to the signature of such notes is therefore clear.

It is true that it is the duty of the commissioner to carry out the provision of rule 63, but our attention has been called to no case that holds that the qualification of the stenographer employed by him in taking testimony or the signature of the witnesses to the original stenographic notes of such testimony will be presumed. That being true, the rule announced in *Van v. Draper* will not be extended in this case. *Laurel Printing Co. v James,* 6 *Boyce* 185, 97 *A.* 601; 18 C. J. 702.

[5] But it is also contended that compliance with the provisions of *rule* 63 was waived.

In this connection the plaintiff points out that the last sentence of this rule provides:

"The whole to be done in the presence of the parties or their attorney choosing to attend."

Waiver is usually defined to be an intentional relinquishment of a known right or such a conduct as warrants an inference of such intent; and is usually a question of fact. *Jones v. Savin,* 6 *Boyce* 68, 96 *A.* 756; *Id.,* 6 *Boyce* 180, 97 *A.* 591.

When, however, there is no dispute as to the evidence upon which the contention is based, it may of course become a question of law. *Anderson v. Thoroughgood*, 5 *Harr*. 199, is an application of this rule. It held that when a person participated in the examination of witnesses under an illegal commission, that the defect was waived.

It is true that the record shows that the defendant, as well as the plaintiff, was represented by counsel, who participated in the hearing before the commissioner by the examination and cross-examination of the various witnesses produced before him, and that no objection as to the qualifications of the stenographer appears to have been made. It may be that we would be justified in holding, as a matter of law, that this requirement of the rule was, therefore, waived (*In re Thomas* [*D. C.*], 35 *F*. 822; 4 *Enc. of Evid.* 547), but we are not required to pass on that question, and we might add that it is always safer for the record to show compliance with the rule of court. See *Porter v. Beltzhoover*, 2 *Harr*. 485; *Bailey v. Wiggins*, 1 *Houst*. 299; *Wooley on Del. Prac.*, § 610.

As we understand the contention of the plaintiff, his argument as to waiver is confined to the transcribed notes of testimony filed in this court.

While the record does not show that any objection was made to the failure of the witnesses to sign these notes, the depositions excepted to were taken by the plaintiff who was bound by the provision of *rule* 63.

That rule recognizes the fact that the signature of witnesses, attached to their testimony is an important guarantee of the correctness of such testimony, and such signature is, therefore, not a mere matter of form. See *Woodward v. Fuller*, 145 *Ga*. 252, 88 *S. E*. 975; *Louisville v. Cain* (*Ky.*), 82 *S. W*. 619; 18 *C. J*. 699, 701; 2 *Wigmore on Evid.*, § 805.

It would naturally take time to transcribe the notes taken before the commissioner, and it would, therefore, impose an unreasonable burden on the defendant to hold that he was bound to see that a rule made for his benefit was complied with by the de-

fendant; and this conclusion does not appear to be inconsistent with *In re Thomas* (*D. C.*), 35 *F*. 822, cited by the plaintiff.

Our conclusion, therefore, is that the record does not show facts from which this court as a matter of law can hold that the signature of the witnesses to the transcribed notes of the testimony given by them before the commissioner has been waived. Even if the contention of the plaintiff had applied to the original steno-graphic notes, it will be remembered that under *rule* 63 the witness could have signed either the original or the transcribed notes, the failure of the defendant to object to the lack of signature to such notes could not, therefore, operate as a waiver of any rights given by the rule. Whether the result would have been different if the rule had merely provided for the signature of the original notes need not be considered. *In re Thomas* (*D. C.*), 35 *F*. 822, might possibly have some bearing on a case of that character.

■ The fourth exception relates to the response to the following question: "Where was the car that you were pursuing?" The witness replied: "It was partly—it had started up the hill towards the car barn, but the car ahead of us in which the police-man was on." The first part of this answer was clearly responsive, but the latter part of it "but the car ahead of us in which the policeman was on" was not and must, therefore, be stricken out.

■ The fifth exception related to the response to the following question: "Tell me what took place when the car overtook the car you were pursuing?" The witness replied: "This officer on the running board of this other car turned the party around that was trying to get away and he got out." The defendant contends that the above answer was wholly irrelevant as it related to what took place after the alleged negligent act had been committed. While it may not clearly appear exactly how soon after the acci-dent the facts related by the witnesses occurred, it does appear that the person who was "trying to get away" was John Cooles, whom we think, because of the name, we may assume was the de-fendant. We think we may also infer from the record that the act inquired about took place very shortly after the accident happen-ed. That being true, the evidence in question has some bearing on

the guilt of the defendant of the negligent acts with which he is charged.

The sixth exception covered the following question: "State whether, or not, the man whom you have described as Cooles, the defendant in this case"; the question was neither completed nor answered and was, therefore, harmless. This exception is overruled.

While the witnesses should not have referred to what was shown by X-ray pictures, which were not in evidence, the seventh exception is overruled as it is not based on any objection appearing in the record.

The seventh, eighth, ninth, tenth, eleventh and twelfth exceptions will be considered together. The record shows that one Dr. Robert L. Gray was examined in direct examination with respect to certain injuries suffered by the plaintiff as portrayed by X-ray pictures which were not in evidence, and which said injuries were alleged to have been caused by the negligent acts of the defendant.

It further appears that such pictures were subseqnently offered in evidence, but their admission was objected to for lack of proof that they properly portrayed the injuries to the plaintiff for which they were offered. The record does not clearly show that they were admitted in evidence by the commissioner nor does it show their rejection. The plaintiff concedes that the examination of the witness with respect to X-ray pictures not in evidence was improper, but so far as this case is concerned the result would be the same if we assume that they were admitted by the commissioner as there clearly was not sufficient proof to justify their admission.

While the record shows that the pictures in question were taken by one Dr. Griffith, he did not testify and there is no evidence whatever showing that they correctly represented the conditions of the parts of the body of the plaintiff intended to be portrayed by them. That such evidence is essential to their admission in evidence is clear. *Philips v. Wil. & Phila. Trac. Co.*, 1 *W. W. Harr.* (31 *Del.*) 593, 117 *A.* 241; *MacFeat v. P., W. & B. R. Co.*,

5 *Penn.* 53, 61, 62 *A.* 898; *State v. Powell*, 5 *Penn.* 24 61 *A.* 966. See, also, *Joy v. Flax*, 101 *N. J. Law* 43, 127 *A.* 597.

The plaintiff, relying on the usual rule that the order of the proof is in the discretion of the court, asks us to refuse to strike out the evidence of Dr. Gray covered by the seventh, ninth, tenth, eleventh and twelfth exceptions until he shall have had the opportunity at the trial to produce the X-ray pictures in question and put them in evidence.

In 4 *Jones on Evidence* (2d Ed.), § 2003, the author in this connection says:

"Evidence in the deposition should not be suppressed where it can be made competent in the case; otherwise certain evidence, such as that anticipating the evidence of the opposite party, or for the purpose of impeaching or answering impeaching questions, or certifying the contents of papers lost or destroyed, could never be secured by depositions. In such cases if it should not become apparent in the course of the trial, it may be objected to when offered to the jury, and the objection should then be sustained. If such evidence were suppressed before trial, however, the party at whose instance the deposition was taken might be wholly deprived of evidence with which to meet the case made by his opponent."

See, also, 6 *Pl. & Pr.* 596; *Covey v. Campbell*, 52 *Ind.* 157; *Indianapolis, P. & C. Ry. Co. v. Anthony*, 43 *Ind.* 183; *Decauville Auto Co. v. Met. Bank*, 124 *App. Div.* 478, 108 *N. Y. S.* 1027.

It is not denied that the testimony of Dr. Gray would have been material if the X-ray pictures had been properly proved and admitted.

The question raised by these exceptions being within our discretion, in view of the promise of the plaintiff, we, therefore, refuse to strike out the testimony of Dr. Gray at this time but if for any reason this promise shall not be complied with and the X-ray then apply to have the testimony in question stricken out.

The eighth exception relates to the following question propounded to Dr. Robert L. Gray in direct examination: "I show you some X-rays and ask whether these are the X-rays which you turned over to the plaintiff and brought to my office and the one to which you have referred?" The record shows that this question was objected to as being "irrelevant, immaterial and incompetent." The answer of the witness was in the affirmative.

In the present state of the record this objection should be sustained as identifying evidence is, of course, immaterial where the X-ray plates identified are not put in evidence.

Considering the promise of the plaintiff to introduce the plates in question at the trial we, however, refuse to strike out the question excepted to.

At the close of the testimony of Dr. Gray, the defendant's attorney filed a written motion with the commissioner, requesting him to strike out the whole of the testimony of that witness on the ground that while it had appeared on cross-examination that he had refreshed his memory from his records before testifying in direct examination, that it had, also, appeared that he did not have such records with him when he was cross-examined and could not, therefore, be questioned with respect to such records; and on the further ground that it did not appear when and by whom the records used had been made.

The thirteenth exception is based on the refusal of the commissioner to grant this motion. The defendant claims that a witness who refreshes his memory from his records, though before coming into court, is bound to produce such records for inspection and cross-examination. In support of this contention he cites *Wigmore on Evidence*, §§ 762, 763; *Stephens' Digest on Evidence*, 343, note; *Duncan v. Seeley*, 34 *Mich.* 369; *Morris v. U. S. (C. C. A.)*, 149 *F.* 123; 9 *Ann. Cas.* 558.

It may be doubted whether all of the cases cited by him refer to memorandum used by the witness before coming into court. However that may be, the plaintiff denies that there was any such obligation on the part of the witness. In support of this contention, he cites *State v. Magers*, 36 *Or.* 38, 58 *P.* 892; *Lowrie v. Taylor*, 27 *App. D. C.* 522; *State v. Kwiatkowski*, 83 *N. J. Law* 650, 85 *A.* 209; 1 *Greenleaf on Ev.*, § 437; 5 *Jones on Evidence*, § 876; 28 *R. C. L.* 596; 8 *Enc., Pl. & Pr.* 142; 40 *Cyc.* 2463.

Some of the authorities on both sides of this question, some of them considering whether it is within the discretion of the trial court, will also be found in *Terry v. Amer. Fr. Growers' Ass'n.*, 3 *W.W. Harr. (33 Del.)* 497, 139 *A.* 259. This case and the note there-

to attached, also consider in some detail the general subject of refreshing memory and when and by whom the records or other memoranda used must be made.

It is unnecessary, however, to consider either of the questions raised by the defendant's motion, as the record not only shows that the commissioner was not requested to direct the witness to produce his records at a definite time for cross-examination with respect thereto (*Terry v. Amer. Fruit Growers' Ass'n*, 3 *W. W. Harr.* [33 *Del.*] 497, 139 *A.* 259; *State v. Magers*, 36 *Or.* 38, 58 *P.* 892), but it also appears that the motion to strike out was not made until after the witness had been cross-examined by the attorney making the motion and by the plaintiff's attorney on redirect examination.

That such motion was properly refused, therefore, seems clear.

From what we have already said, the first exception is not passed on; the second exception relating to the signature of the deposition of the witnesses is sustained and the remainder of that exception relating to the signature and certification by the commissioner is overruled; the third exception is also sustained and the fourth is in part sustained. The remaining exceptions are overruled.