MARY C. REED *vs.* THE CONTINENTAL INSURANCE COMPANY.

*Assumpsit—Fire Insurance Policy—Proofs of Loss; Waiver of—*
*Adjuster of the Company—Duties and Powers—Waiver of*
*Conditions—Waiver need not be in Writing or attached*
*to or indorsed upon Policy—Contract; How Con-*
*strued.*

1. Where the adjuster of a fire insurance company who is clothed with authority to adjust and settle claims said to the insured, after the fire—"make a list of the goods, with the cost and value as near as possible, and I will come back in a week or two and settle;" and so spoke and acted as to induce in the mind of an ordinarily reasonable person the belief that no further steps were necessary to be taken in the matter of proofs of loss; and the insured relied upon such statements of the adjuster and for such reason did not furnish proofs of loss, such facts and conditions would amount to a waiver, on the part of the company, of proof of loss.

2. By the acceptance of a policy of insurance the provisions thereof, including the furnishing of proofs of loss, become a part of the contract, and the measure of the rights and liabilities of the parties thereto. It is competent, however, for the company to waive such proofs of loss, and it is not in all cases necessary that such waiver should be in writing and endorsed upon or attached to the policy. Such waiver may be proved by, or inferred from the acts and conduct of the insurer, or its duly authorized agents.

3. In considering the provisions of policies of insurance relating to matters required to be done by the insured, subsequent to the loss, which do not alter the risk of the insurer or increase the liability, it is the prevailing practice of the courts to give to such provisions a construction favorable to the insured so far as the same can be reasonably done.

(*Dec.* 14, 1906.)

LORE, C. J. and SPRUANCE and BOYCE, J. J., sitting.

*John Biggs* and *Armon D. Chaytor, Jr.,* for plaintiff.

*Thomas Davis* for defendant.

Superior Court, New Castle County, November Term, 1906.

ACTION OF ASSUMPSIT (No. 201, May Term, 1904), upon a policy of fire insurance.

The facts appear in the charge of the Court:

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit,

brought by Mary C. Reed, the plaintiff, against the Continental Insurance Company, the defendant, upon a policy of insurance.

The policy is dated October 10, 1903. It insures the plaintiff against loss or destruction by fire of her household goods and other personal property then in the house in which she was living, in St. Georges Hundred in this county, for one year from October 7th, 1903, for an amount not exceeding two thousand dollars. She claims that all this property was totally destroyed by fire on the twenty-sixth day of November, 1903, when her dwelling house was burned; that the goods so destroyed were worth $1558, which amount with interest from February 9, 1904, aggregating $1826.28, is demanded in this suit.

The policy of insurance, among others, contains the following provisions:

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon."

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any,

shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

By the acceptance of this policy these provisions became a part of the contract of insurance in this case, and the measure of the rights and liabilities of the parties thereto.

It is conceded by the plaintiff that no such statement or proofs of loss, signed and sworn to by her, as required by the foregoing provisions, was rendered to the defendant company within sixty days after the fire, or indeed at any time.

The plaintiff, however, avers that the defendant waived such proofs of loss. She claims that she gave notice of the fire to Leatherbury and Scott, the agents of the defendant company at Middletown, Delaware, the morning after the fire; that the agents notified the company, and that on the second day of December, 1903, the defendant company sent its adjuster, a Mr. Philbrook, to her home the place of the fire, and that he said to her, "Make a list of the goods, with the cost and value as near as possible, and I will come back in a week or two and settle;" that she rendered no proofs of loss because of such assurance by the adjuster.

The defendant insists that there was no waiver of proofs of loss; that the adjuster, at the interview of December 2, 1903, distinctly informed the plaintiff that she must make proofs of loss, and that about three weeks thereafter the agent Leatherbury of Middletown also so informed her, and that the plaintiff refused to make such proofs.

The main question for your determination is, whether there has been a waiver of proofs of loss by the defendant company in this case.

It was competent for the defendant to waive such proofs of loss. It is not in all cases necessary that such waiver should be in writing and endorsed upon or attached to the policy. Such waiver may be proved by, or inferred from the acts and conduct of the insurer, or its duly authorized agents.

*Smith vs. Home Ins. Co.*, 47 *Hun.* 30; *Harris vs. Phoenix*

*Insurance Company,* 85 *Iowa* 238; *McKenney vs. Diamond State Loan Assn.,* 8 *Houst.* 544.

"In considering the provisions of policies of insurance relating to matters required to be done by the insured, subsequent to the loss, which do not alter the risk of the insurer or increase the liability, it is the prevailing practice of the Courts to give to such provisions a construction favorable to the insured so far as the same can be reasonably done."

*Schilansky, et al. vs. Fire Ins. Co.,* 4 *Pennewill* 293.

If you find from the evidence that Philbrook was the adjuster, and that he was clothed by the defendant company with authority to adjust and settle claims, and that he used the language so attributed to him by the plaintiff, and so spoke and acted as to induce in the mind of an ordinarily reasonable person the belief that no further steps were necessary to be taken in the matter of proofs of loss; and if you should further find that the plaintiff as a reasonable person had a right to rely upon such statements of the adjuster, and did rely upon them, and for that reason did not furnish proofs of loss; such conditions would amount to a waiver on the part of the defendant company of proofs of loss.

If on the other hand, however, the plaintiff knowing that such proofs were necessary, or being so informed by Philbrook or Leatherbury, refused to make such proofs, there could be no waiver.

Your verdict should be based upon the preponderance of the evidence.

Where the evidence is conflicting, the jury should reconcile it if they can. If this cannot be done, the jury should be governed by that part of the evidence which under all the circumstances of the case they believe the most entitled to credit.

If the jury believe from the evidence that the defendant, after the fire, sent its adjuster to adjust the loss caused by the fire and as the result of his conduct toward, and representations made to the plaintiff, the plaintiff believed and had the right reasonably to believe that the technical proofs of loss provided for by the policy were waived, and that the company would

not insist upon said proofs being furnished, the plaintiff is entitled to recover an amount equal to the value of the property destroyed with interest thereon from sixty days after the date of the waiver to the present time.

Verdict, for plaintiff for $1826.28.