G. M. S. REALTY CORP., a corporation of the State of Delaware, and EASTERN SHORE THEATRE COMPANY, a corporation of the State of Delaware, v. GIRARD FIRE AND MARINE INSURANCE COMPANY, a corporation of the State of Pennsylvania.

(*June* 13, 1952.)

TERRY and CAREY, J. J., sitting.

*John VanBrunt* and *David Snellenburg, II*, (of Killoran and VanBrunt) for Plaintiffs.

*Albert L. Simon* for Defendant.

Superior Court for Kent County, No. 140, Civil Action, 1950.

CAREY, J., delivering the opinion of the Court:

This is an action upon a fire insurance policy. The matter is before the Court on motions of both parties for summary judgment.

On August 10, 1949, the defendant issued a fire insurance policy to the plaintiffs in the amount of $10,000 covering a theatre in Smyrna, Delaware. On October 15, 1949, the property was burned, the extent of the damage being a matter in dispute. On January 16, 1950, the Smyrna Town Council wrote the following letter to the plaintiffs:

"Council considers the old theatre building on Commerce and Delaware Streets a fire menace and respectfully requests that you secure or remove this building.

"Section 6 of the Town Charter empowers Council to condemn this building and force its removal but we are first writing this in the form of a request.

"Your cooperation will be appreciated."

Some time thereafter the plaintiffs had the building torn down, receiving no salvage value therefrom. The plaintiffs claim that there was a total loss, notwithstanding the fact that a substantial part of the building remained standing after the fire, because they say they were compelled to raze it under the terms of the foregoing letter.

The defendant's motion for summary judgment is based upon a provision in the policy requiring the insured to submit sworn proof of loss within sixty days after the fire. Concededly, no such proof of loss was ever furnished. In reply, plaintiffs argue that certain conduct of the defendant's adjuster constituted a waiver of this provision. Against this argument, the defendant relies upon a "non-waiver agreement" reading as follows:

"Non-Waiver Agreement

"It is hereby mutually understood and agreed by and between G. M. S. Realty Corp., Smyrna, Delaware of the first part and the Girard Fire & Marine Ins. Co. and other Companies signing this agreement, party of the second part, that any action taken by the said party of the second part investigating the cause of the fire or investigating and ascertaining the amount of loss and damage to the property of the party of the first part caused by fire alleged to have occurred on October 16, 1949 shall not waive or invalidate any of the conditions of the policy of the party of the second part, held by the party of the first part and shall not waive or invalidate any rights whatever of either of the parties to this agreement.

"The intent of this agreement is to preserve the rights of all parties hereto and provide for an investigation of the fire and the determination of the amount of the loss or damage, without regard to the liability of the party of the second part.

"Signed in duplicate this 29 day of November 1949 at Dover, Del.,

"Girard Fire & Marine Ins. Co.
　　by Hart Cooper,
　　　　Adjuster

　　　　　　　　　　G. M. S. Realty Corp.
　　　　　　　　　　　　by Muriel Schwartz"

Two issues are presented:

(1)　Was there a waiver of the failure to file proof of loss pursuant to the policy provision?

(2)　If there was such a waiver, was there a total loss under the policy?

Plaintiffs, in their affidavits, point out several acts of the adjuster which are claimed to constitute a waiver. Not all of them need be mentioned. It appears that the insureds, at the

request of the adjuster, obtained statements from two contractors of the cost of repairing the theatre. These were submitted to the adjuster. He in turn secured a similar estimate from a third contractor, which was substantially lower than the other two. As late as April 21, 1950, he got the plaintiffs to secure a revised estimate. On more than one occasion and *after* the non-waiver agreement had been signed, he offered to settle the claim for the amount of the lowest estimate. Throughout this whole period, during which he had several discussions with officers of the plaintiffs' corporation in an attempt to persuade them to accept his offer of settlement, nothing was ever said about the necessity of filing a proof of loss, nor was any mention made concerning defendant's liability under its policy. In fact, the record indicates that the defendant never actually denied liability or raised any question about failure to file proof of loss until it did so in the pleadings filed in this case (about one year after the fire); the sole reason given to plaintiffs for non-payment was the failure to agree upon the amount payable.

These acts, which stand undenied by anything in the record, constitute a waiver, unless the non-waiver agreement prevented it. *Miller, Inc., v. Northern Insurance Co.,* 3 *Terry* 523, 39 *A.* 2d 23.

We do not understand defendant's counsel to disagree with either the facts or the legal conclusion stated above. He relies upon the agreement as preventing a waiver in this case. A sufficient answer to this argument is found in the wording of the agreement itself. It says: "Any action taken by the said party of the second part investigating the cause of the fire or investigating and ascertaining the amount of loss and damage to the property * * * shall not waive or invalidate any of the conditions of the policy * * *". The expressed intent is to provide for an investigation and determination of the amount of loss without regard to defendant's liability. Obviously, the acts of the adjuster in recognizing the Company's liability by offering to pay the amount he claimed the loss to be went far beyond "investigating the cause of the fire or investigating and ascertaining the amount

of loss and damage". These agreements are always construed strictly against the insurer and will not be extended so as to prevent a waiver by acts not within their terms. 45 *C. J. S., Insurance*, § 746, p. 757; *Springfield Fire & Marine Ins. Co. v. Fine*, 90 *Okl.* 101, 216 *P.* 898; *American Ins. Co. v. Mullican*, 26 *Ala. App.* 31, 153 *So.* 448; *Schusterman v. Fidelity-Phenix Fire Ins. Co., Mo. App.*, 253 *S. W.* 91. The case of *Fireman's Ins. Co. v. Blount*, 182 *Ga.* 459, 185 *S. E.* 717, relied upon by defendant, is not inconsistent with our holding. The non-waiver agreement there involved was broader in its terms than the one before us. Moreover, the only act relied upon in the Blount case to establish waiver was the making of a written agreement specifying the amount of loss, this latter agreement by its express terms providing that it should not constitute a waiver.

Defendant's motion for summary judgment must be denied.

We now turn to plaintiffs' motion. Their argument is that there was a waiver as a matter of law; that there was a total loss under the policy; and that they are therefore entitled to judgment for the full amount of the policy, plus counsel fees under Section 511 *Revised Code* 1935, as amended.

Usually, the question of waiver is a matter for the jury. *Miller, Inc., v. Northern Ins. Co., supra.* When, however, there is no dispute as to the evidence and only one reasonable inference may be drawn therefrom, it becomes a matter of law. *O'Neill v. Cooles*, 3 *W. W. Harr.* 541, 140 *A.* 648. In the absence of anything in the record controverting a party's contention of fact, it must be taken as true on a motion for summary judgment, for the duty rests upon the other side to show that evidence is available which would justify a trial of the issue. *Seward v. Nissen, D. C.*, 2 *F. R. D.* 545; *Allen v. Radio Corp. of America, D. C.*, 47 *F. Supp.* 244; 3 *Barron and Holtzoff* 86 etc. In the present instance, the facts are not denied and the language of the non-waiver agreement is plain. On this point, there is nothing for the jury. We agree that there was a waiver as a matter of law.

Plaintiffs' argument that the loss was total is based upon their contention that they were compelled to demolish what remained of the structure by order of municipal authority. This argument, in our opinion, involves a misconception of the terms of the letter from the Smyrna Town Council. As we read this letter, the Council was concerned about the hazard created by the building after the fire. The plaintiffs were told to "secure or remove" the building, not simply to remove it. It may be, as defendant's affidavits suggest that the hazard could have been eliminated by repairing or "securing" the structure. If so, the loss could not be considered a total one. This matter cannot be settled on a motion for summary judgment and must be referred to the trier of fact to determine the extent of the loss.

Inasmuch as the only issue presented by the record before us is the extent of loss, i.e., the amount of damages, the case is one which calls for the application of the last sentence of Rule 56(c) as follows: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

An order may be submitted for the entry of judgment in favor of the plaintiffs, the amount thereof to be determined by a jury, pursuant to the principles recently laid down by the Supreme Court in *American Insurance Co. v. Iaconi*, 8 *Terry* 167, 89 *A.* 2d 141.