STANDARD ACCIDENT INSURANCE COMPANY, Defendant Below, Appellant, v. PONSELL'S DRUG STORES, INCORPORATED, Plaintiff Below, Appellee.

(*June* 22, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Albert W. James* and *Henry N. Herndon, Jr.*, of Morris, James, Hitchens & Williams, for defendant below, appellant.

*Clyde M. England, Jr.*, and *Theodore F. Sandstrom*,

of Killoran & Van Brunt, for plaintiff below, appellee.

Supreme Court of the State of Delaware, No. 86, 1963.

TERRY, Chief Justice.

On November 10, 1954, the defendant issued a comprehensive dishonesty, disappearance and destruction policy to the plaintiff. In addition to the usual condition requiring plaintiff to file proof of loss within a specified period of time, the policy, within its general terms and conditions, required the plaintiff to:

"* * * keep verifiable records of all property covered by this Policy * * *."

On May 6, 1955, the above-cited provision was deleted and the following language substituted therefor:

"The Assured shall keep records of all the insured property in such manner that the Company can accurately determine therefrom the amount of loss * * *".

On November 10, 1959, the defendant issued a similar policy to plaintiff, which contained the above-cited requirement that appropriate records be maintained by plaintiff.

On April 26, 1960, Mr. Ponsell, the owner of plaintiff corporation, observed one of his employees failing to record a sale and retaining the cash proceeds therefrom. Mr. Ponsell immediately telephoned an agent of defendant informing him of this incident and initiated an investigation to determine the extent of the loss.

The employee, who was immediately discharged, had

initially been employed in 1953. During his period of service, he primarily served as a delivery man for the drug store. The practice in the store was to provide the delivery man with a "delivery bag" containing a given amount of cash. When the employee left to make the delivery, he would provide the cashier with an amount of cash from the delivery bag equivalent to the order and would receive an equivalent amount of cash from the customer at the time of delivery. With respect to charge sales, a carbon copy of the charge slip was to be placed in the delivery bag for computation at the end of the day.

However, according to the testimony of Mr. Ponsell, the employee in question was also allowed to ring up his own sales on the cash register, thus effectively destroying any accounting control. In addition, Mr. Ponsell does not have any record of the 1954-1960 charge slips. No actual physical inventory was taken during this period; plaintiff merely utilized an estimated inventory system. The ledger books of plaintiff do not reflect the individual cash sales but only indicate the apparent total cash sales for a given day.

Included within plaintiff's place of business was a soda fountain, which was operated as a concession. At the time of the execution of the concessionaire agreement, Mr. Ponsell, according to his deposition testimony, placed $1,397.89, received from the concessionaire, in a paper bag, with a slip attached indicating the amount contained in the bag. Five hundred dollars of the amount allegedly contained in the bag was provided as a security deposit. The records maintained by plaintiff do not show any of these amounts, either as an asset or as a liability. Mr. Ponsell did not discover the loss of this bag until he was called upon to return the security deposit.

After making an initial oral report of his loss, Mr.

Ponsell was visited by an agent of defendant who examined the books maintained by plaintiff corporation. In addition, Mr. Ponsell, on or about July 27, 1960, received a letter from the claim manager of defendant requesting more information concerning his claim.

Subsequent to the receipt of this letter, Mr. Ponsell, according to his deposition testimony, met with certain agents of defendant corporation. At this time, according to Mr. Ponsell, these representatives of defendant corporation demanded proof of physical inventory, which, obviously, was impossible at that time. In addition, Mr. Ponsell testified that he was informed by telephone by an agent of defendant corporation subsequent to this meeting that the company was "not going to do anything about this claim", allegedly referring to the loss of the currency in the paper bag.

Plaintiff has brought suit in the court below alleging a loss of $4,000 and $2,000 under the two policies described above. In addition, plaintiff separately demands $1,397.89 as the result of the mysterious disappearance of the cash in the paper bag. In the court below, defendant moved for summary judgment upon the grounds that the record evidence conclusively shows that the plaintiff failed to comply with the policy requirements of timely filing of proof of loss and of maintenance of adequate records. Plaintiff resisted such motion by contending that defendant had waived the requirement that proof of loss be filed and that plaintiff substantially complied with the record provision. The defendant has appealed the decision of the court below denying its motion for summary judgment.

Since the claim for recovery of the alleged mysterious disappearance of the fund left in the paper bag presents issues substantially different from that presented by the two claims for the alleged thefts by plaintiff's employee,

we shall treat these matters separately. As noted above, the first question presented on appeal is whether or not the record facts could support an inference that defendant waived the provisions requiring filing of proof of loss. Plaintiff has conceded that no proof of loss as required by the policies were filed under any of the three claims.

■ ■ Addressing ourselves to the two theft claims, the court below held that the issue of waiver should be resolved by a jury. If the record evidence can reasonably support an inference that defendant has waived this provision, a jury is the appropriate forum for such determination. However, if the record compels only reasonable inference, the issue becomes one of law for decision by the court. See *G.M.S. Realty Company v. Girard Fire and Marine Insurance Company*, 8 Terry 216, 47 Del. 216, 89 A.2d 857 (Superior Court, 1952). Since the requirement that proof of loss be filed is an action taken subsequent to the loss and rarely increases the risk to an insurance company, the courts will be liberal in finding the existence of facts upon which a waiver or estoppel may be predicated. As stated by the Superior Court:

"In considering the provisions of policies of insurance relating to matters required to be done by the insured, subsequent to the loss, which do not alter the risk of the insurer or increase the liability, it is the prevailing practice of the courts to give to such provisions a construction favorable to the insured so far as the same can be reasonably done." *Reed v. Continental Insurance Company*, 6 Penn. 204, 22 Del. 204, 65 A. 569, 571 (1906).

■ Plaintiff's contention that the evidence indicates the existence of a waiver is predicated upon the well-settled doctrine that a denial of liability by an insurance company during the period of time during which proof of loss may be filed may be construed as a waiver of that

requirement. See *Commonwealth .Insurance Company of New York v. Soloman,* 2 W.W.Harr. 98, 32 Del. 98, 119 A. 850 (Supreme Court, 1923) and *Nathan Miller, Inc. v. Northern Insurance Company of New York,* 3 Terry 523, 42 Del. 523, 39 A.2d 23 (Superior Court, 1944). Certainly, a letter received by plaintiff requesting more information concerning the theft claims cannot be considered as a denial of liability. In addition, plaintiff concedes that, with respect to these claims, defendant never expressly denied liability.

Plaintiff's contention is predicated upon the alleged demand made by an agent of defendant that plaintiff show proof of loss by physical inventory figures which, as noted above, could not be supplied. Accordingly, plaintiff contends that it was led to believe that defendant had excused it from filing proof of loss by rejecting the material actually available. We are not persuaded that a mere demand for physical inventory figures may be construed as a waiver of the requirement that a proof of loss be furnished, since a waiver is construed to be an intentional relinquishment of a known right. See *Nathan Miller, Inc. v. Northern Insurance Company of New York,* cited supra. However, the actions of defendant could have reasonably induced plaintiff to refrain from filing a proof of loss. Accordingly, we are of the opinion that although there is no substantial issue of waiver presented, an issue of estoppel is fairly presented and, therefore, we believe that summary judgment was properly refused on this issue.

With respect to the allegation that the requirement of proof of loss of the claim for $1,397.89 was waived by defendant corporation the record evidence is somewhat more compelling. According to Mr. Ponsell's testimony, which must be accepted as true for purposes of ruling upon the motion for summary judgment, he was informed

by defendant corporation that the corporation planned to do nothing about his claim. Accordingly, a jury could reasonably construe this as a denial of liability and, accordingly, as a waiver of the requirement that proof of loss be filed. See *Nathan Miller, Inc. v. Northern Insurance Compny of New York,* cited supra. The court below correctly refused to grant summary judgment upon this issue.

■ With respect to the quantum of compliance by plaintiff with the requirement of the records-maintenance clause of the two policies, such a clause is valid, and plaintiff must show at least a substantial compliance with every material part of the clause in question. See *Continental Insurance Company v. Rosenberg,* 7 Penn. 174, 23 Del. 174, 74 A. 1073 (Supreme Court, 1909). Such a clause has two principal purposes. In the first place, by imposing a duty of constant vigilance upon the insured, it will promote the early detection of losses and, therefore, normally result in a lower rate of compensable losses. See *Clark and Jones, Inc. v. American Mutual Liability Insurance Company,* 129 F.Supp. 282 (D.C.E.D.Tenn., 1955). This requirement is, therefore, of much greater importance than the requirement of filing proof of loss subsequent to the discovery of the theft. Cf. *Reed v. Continental Insurance Company,* cited supra.

Secondly, the clause provides the insurance company with an accurate means of determining the extent of the loss without requiring resort to the testimony of the insured or other parties. See *Calloyan v. American Casualty Company of Reading, Pa.,* 51 A.2d 678 (D.C.Municipal Court of Appeals, 1947) ; *Westchester Fire Insurance Company of New York v. Gray,* 240 S.W.2d 825, 33 A.L.R.2d 608 (Ky.Court of Appeals, 1951) ; and 5 Appleman, Insurance Law and Practice, Section 3024.

Plaintiff contends that the 1955 amendment substantially reduced the quantum of records required by deleting the requirement of "verifiable records." However, the requirement that the records be kept in such a manner that the company "can accurately determine therefrom the amount of loss" should be construed as substantially identical with the requirement of "verifiable" records since verifiable means to check or test the accuracy or exactness of the records in question. See *Miller v. American Bonding Company of Baltimore,* 319 S.W.2d 530 (Mo.Supreme Court, 1958).

Normally, the question of whether or not there has been substantial compliance with a records requirement is for the jury; however, when only one reasonable inference may be drawn from the record, the question is one of law for the court. See 29A Am.Jur., Insurance, Section 1950.

From a reading of the brief of plaintiff and the testimony of Mr. Ponsell, it is clear that the records maintained by plaintiff are completely inadequate to satisfy the above-described records provision. Plaintiff's estimate of the amount of the two theft losses is primarily predicated upon the confessions given by the former employee. Such confessions do not satisfy the records requirement, since, as noted above, the purpose of such a requirement is to avoid the necessity to rely upon such testimony. See *Clark and Jones, Inc. v. American Mutual Liability Insurance Company,* cited supra.

Since no physical inventory was taken and since the charge slips for the period in question are not available, the only record evidence available is ledger entries showing the total cash receipts for a given day. As noted above, however, such cash receipts are meaningless since the losses sustained by plaintiff were directly or indirectly

inventory losses, and, in addition, the employee was allowed to control the record of cash receipts by ringing up his own purchases on the cash register. Total cash sales or receipts, in the absence of some corroborating itemized records or specific inventory account, cannot be considered as substantial compliance with the records-maintenance clause. See *Everett-Ridley-Ragan Company v. Traders Insurance Company of Chicago, Ill.*, 121 Ga. 228, 48 S.E. 918 (1904); and 5 Appleman, Insurance Law and Practice, Section 3026. Plaintiff's reliance upon *Purity-Reiss Candy Company v. Maryland Casualty Company*, 128 So. 2d 677 (La. Court of Appeals, 1961), is misplaced. While it is true that the court did not approve the gross profits method of determining loss, this was merely a question of evidentiary procedure, and there was no issue of compliance with a records-maintenance clause.

█ With respect to the adequacy of plaintiff's record to substantiate its claim for the disappearance of the cash in the paper bag, Mr. Ponsell testified, as noted above, that plaintiff's records do not reflect such cash in any manner, either as an asset or as a liability. The only record was a note stapled on the bag, which obviously is not available. Accordingly, since the only available record is the oral testimony of Mr. Ponsell as to the contents of the lost record, it is clear that plaintiff has failed to comply with the records-maintenance clause. See *Miller v. American Bonding Company of Baltimore*, cited supra.

██ Plaintiff's final contention is that defendant is estopped to assert the inadequacy of the records maintained by plaintiff, since it knew or should have known of the manner in which plaintiff maintained its records. The defendant, however, discharged its burden upon its motion for summary judgment by demonstrating the nonexistence of any material issue of fact in this re-

spect which thereupon shifted to the plaintiff the burden to produce evidence to the contrary. *Ebersole v. Lowengrub*, 4 Storey 463, 180 A.2d 467. Since plaintiff has failed to present any proof whatsoever upon this issue, summary judgment will not be withheld since plaintiff had an affirmative duty to come forward with some evidence other than a mere assertion in the brief. See *Westchester Fire Insurance Company of New York v. Gray*, cited supra. Accordingly, the judgment of the court below is reversed and the case remanded with directions to enter summary judgment for defendant.