William H. MARTIN, III, Plaintiff Below, Appellant,

v.

NEALIS MOTORS, INC., a Delaware corporation, and Chrysler Motors Corporation, a Delaware corporation, Defendants Below, Appellees.

Supreme Court of Delaware.

Oct. 15, 1968.

Stephen B. Potter, of Sullivan & Potter, Wilmington, for plaintiff below, appellant.

Albert L. Simon, Wilmington, for Nealis Motors, Inc., defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

In this automobile warranty case against Nealis Motors, Inc. as vendor and Chrysler Motors Corporation as manufacturer, the Superior Court granted Nealis' motion for summary judgment. The plaintiff appeals.

The Superior Court had before it the following:

1) The complaint alleging that William H. Martin, III, purchased a new Dodge truck from Nealis; that Nealis and Chrysler Motors each warranted: "Each new

Dodge truck * * * including all equipment to be free from defects in material and workmanship under normal use and service for twelve thousand (12,000) miles of operation, or twelve months after delivery to the original purchaser, whichever event occurs first"; that under that warranty each of the defendants assumed the duty of repairing or replacing any defective part of the truck sold to the plaintiff, but that each of the defendants breached that warranty.

2) The answer of Nealis denying that it gave any warranty to the plaintiff, and alleging that the only warranty given to the plaintiff was that of Chrysler Motors.

3) The motion for summary judgment based upon the ground that Nealis had issued no warranty and that the only warranty issued was that of Chrysler Motors.

4) The affidavit of the President of Nealis asserting that the warranty referred to in the complaint was issued by Chrysler Motors only.

5) The Manufacturer's Dodge Truck Warranty * stating in part:

"Chrysler Corporation, as manufacturer, warrants each new Dodge Truck manufactured by it, including all equipment or accessories manufactured or supplied by it (except tires and auxiliary engines), to be free from defects in material and workmanship under normal use and service for twelve thousand (12,000) miles of operation or twelve (12) months after delivery to the original purchaser, whichever event occurs first.

*   *   *   *   *   *

"Chrysler Corporation's obligation under this warranty is limited to repairing or replacing, at its option, any part or parts of the truck that prove to be defective within the applicable provisions of this warranty. Service under this war-

ranty shall be performed by any Authorized Dodge Truck Dealer (or other Chrysler Motors Corporation Authorized Dealer or Service Center), at the dealer's place of business, without charge for replacement parts or labor.

*   *   *   *   *   *

"This warranty is the only warranty applicable to Dodge Trucks, * * * manufactured by Chrysler Corporation and is expressly in lieu of any warranties otherwise implied by law (including, but not limited to, implied warranties of merchantability or fitness for a particular purpose). The remedies under this warranty shall be the only remedies available to any owner thereof or other person, and neither Chrysler Corporation, Chrysler Motors Corporation nor the authorized selling dealer assumes any other obligation or responsibility with respect to the condition of the truck, and neither assumes, nor authorizes anyone to assume for any of them, any additional liability in connection therewith."

The foregoing was the state of the record before the Superior Court when it granted summary judgment in favor of Nealis on the ground that the plaintiff had no right of action against Nealis on the express warranty issued by Chrysler, and that no right of action against Nealis on implied warranty was asserted in the pleadings.

■ Although we disagree that it is a matter of pleading, we agree that Nealis is entitled to summary judgment on the record before us. The plaintiff made no showing by affidavits, depositions, or interrogatories in opposition to the summary judgment motion and supporting documents. He relied solely upon the unverified allegations of the complaint as to the nature of the warranty relied upon. By so doing, the plaintiff failed to sustain his burden of proof under the circumstances.

---

* This crucial document was made part of the record informally at oral argument below. It was not covered properly by the affidavit of the President of Nealis, the plaintiff, or other knowledgeable person.

As moving party, Nealis had the burden of demonstrating, with reasonable certitude, that there is no genuine issue as to any material fact relating to its liability under the warranty, and that it is entitled to judgment as a matter of law. That burden was carried by the affidavit of the President of Nealis and the Manufacturer's Warranty. Thereupon, the burden shifted to the plaintiff to come forward with evidence to demonstrate that there is a genuine issue of material fact upon the question. Phillips v. Delaware Power & Light Company, Del., 216 A.2d 281 (1966); Alcott v. Hyman, Del., 208 A.2d 501 (1965); Howard v. Food Fair Stores, etc., Del., 201 A.2d 638 (1964). The plaintiff failed to sustain that burden. Unverified allegations in the complaint do not suffice as substitute for evidence to preclude summary judgment; nor do assertions made in briefs as to the probable existence of undemonstrated evidence that may be adduced later at trial. If the plaintiff had evidence showing a genuine issue of material fact, he was obliged to produce such evidence in order to forestall summary judgment. Standard Accident Insurance Company v. Ponsell's Drug Stores, Inc., Del., 202 A.2d 271 (1964); Berwald v. Mission Development Company, 40 Del.Ch. 509, 185 A.2d 480 (1962); Ebersole v. Lowengrub, 4 Storey 463, 180 A.2d 467 (1962).

Having failed to do so, the plaintiff is not in position to withstand the Nealis motion.

The plaintiff relies upon Tybout v. Brandywine Chrysler-Plymouth, Inc. (Superior Court, C.A. 434, 1965—unreported). That case is of no aid to him because (1) it was decided by trial—not in summary judgment proceedings; and (2) in the cited case, the plaintiff showed that the defendant automobile sales agency delivered to the plaintiff purchaser its bill of sale expressly incorporating therein by reference the manufacturer's written warranty.

The judgment below is affirmed.