NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a corporation of the State of Connecticut, and St. Paul Fire and Marine Insurance Company, a corporation of the State of Minnesota, Plaintiffs,

v.

EASTERN SHORE LABORATORIES, INC., a Delaware corporation, Defendant.

Superior Court of Delaware,
New Castle County.

Jan. 17, 1973.

Rodman Ward, Jr., Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs.

William Swain Lee, Betts & Lee, Georgetown, for defendant.

OPINION

O'HARA, Judge.

In this action, plaintiffs, National Fire Insurance Company of Hartford ("National") and St. Paul Fire and Marine Insurance Company ("St. Paul"), seek summary judgment against the defendant, Eastern Shore Laboratories, Inc.

The plaintiffs carried fire insurance on the contents of the defendant's storage building at its Laurel, Delaware plant. The face amount of National's coverage was $35,000; St. Paul's was $30,000. The insurance agreement was entered through a binder and attached reporting form on July 22, 1969. The effective date of coverage, however, was July 28, 1969, when the reporting form was delivered to the defendant. This form informed the insured of his duty to report, within 30 days after the last day of each calendar month thereafter, the location and value of all property insured. The Value Reporting Clause, paragraph 11, of the insurance policies * provided:

"It is a condition of this policy that the Insured shall report in writing to this Company not later than 30 days after the last day of each calendar month, the exact location of all property covered here-

---

* "Insurance policies" refer to the insurance binder and reporting form which, for all intents and purposes, constitute the insurance policies in question.

under, the total actual cash value of such property at each location and all specific insurance in force at each of such locations on the last day of each calendar month. At the time of any loss, if the Insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, this policy shall cover only at the respective locations specifically named herein and for not exceeding 75% of the applicable limit of liability of this Company specified in the Limit of Liability Clause. If the inception date of this policy is the last day of the calendar month, then the first report of values due shall show the total actual cash value(s) as of that date."

On November 18, 1969, a fire completely destroyed the storage building and its insured contents. The value of loss is alleged to exceed $100,000. As of the date of the fire, the defendant had not filed its first report of value as required by the insurance policies. On the basis of the Value Reporting Clause of the contracts, National and St. Paul paid the defendant 75% of the face amount of their respective policies. Defendant petitioned the Insurance Commissioner claiming that it was entitled to the full coverage under both policies. The Insurance Commissioner determined that whether the defendant was entitled to the remaining 25% of the face value was a legal question which should be decided by an appropriate court. The plaintiffs consequently filed an action in the Chancery Court. However, the action was transferred to the Superior Court, Vice-Chancellor Isaac D. Short, II, holding that the Court of Chancery did not have jurisdiction.

On a motion for summary judgment the court's function is to examine the record and determine whether there is a genuine issue of material fact. Continental Cas. Co. v. Ocean Accident & Guar. Corp., 209 A.2d 743 (Del.Super.1965). If there is no material issue of fact and the movant as a matter of law is entitled to judgment, then summary judgment should be granted. 6 Moore's Federal Practice, § 56.15(3); Superior Court Rules, Civil, R. 56(c), Del.C.Ann. In examining the record the Court must view the facts in a light most favorable to the non-moving party. Matas v. Green, 3 Storey 473, 171 A.2d 916 (Del.Super.1961). However, uncontroverted evidence offered in support of a motion for summary judgment must be accepted as true. Frank C. Sparks Co. v. Huber Baking Co., 9 Terry 9, 96 A.2d 456 (Del.Supr.1953); G.M.S. Realty Corp. v. Girard Fire & Marine Ins. Co., 8 Terry 216, 89 A.2d 857 (Del.Super.1952).

The parties agree that the Value Reporting Clause provided that if the first inventory report had not been filed at the time of loss, the insurers would only be liable for 75% of the applicable liability limit; and, further, that defendant did not file any inventory report prior to the fire. Defendant argues that plaintiffs waived the inventory filing requirement of the policies and are thus estopped from asserting the terms thereof in lieu of payment.

Defendant bases its claim that plaintiffs effectively waived and are estopped from asserting the terms of the Value Reporting Clause on the grounds that Mr. Cloud of J. A. Montgomery, Inc. ("Montgomery"), the insurance dealer who obtained the insurance for the defendant, by representation and inference "indicated that the filing of these forms was of no immediate concern or import prior to the fire". The defendant also claims that Mr. Cloud suggested that the insurance companies would be bound by the actions of their agent and estopped from interposing the Value Reporting Clause to prevent full recovery by de-

fendant. Thus, it is defendant's contention that it had a right to rely on representations made by plaintiffs' agents, and if it relied on such representations to its detriment, the defense of estoppel should be available.

█ The party asserting an estoppel has the burden of proving it by clear and convincing proof. An estoppel may not rest upon mere inference. Employers' Liability Assurance Corp. v. Madric, 4 Storey 593, 183 A.2d 182 (Del.Supr.1962). To establish an estoppel, it also must appear that the party claiming it lacked knowledge and the means of knowledge of the truth of the facts in question, that he relied on the conduct of the party against whom the estoppel is claimed, and that he suffered a prejudicial change of position in consequence thereof. Ainscow v. Alexander, 28 Del.Ch. 545, 39 A.2d 54 (Del.Super.1944); Wilson v. American Insurance Company, 209 A.2d 902 (Del.Supr.1965).

█ The defendant here contends that Montgomery, by inference and statement, led it to believe that the Value Reporting Clause had no real significance. Initially it must be noted that defendant's record proof of these allegations are not clear or convincing. Additionally, while an insured may rely upon an interpretation placed upon a policy by an agent (assuming Montgomery was an agent), which is plausible even though legally untenable, the interpretation cannot be relied upon when it is in patent conflict with the terms of the policy. Mutual Benefit Life Ins. Co. of Newark, N. J. v. Bailey, 190 A.2d 757 (Del.Supr.1963). Here the alleged representations and inference made by Montgomery are so plainly in conflict with the clear, unambiguous import of the Value Reporting Clause that the defendant would be acting unreasonably to have relied upon such an interpretation. Furthermore, the defendant had full knowledge of the requirements of the Value Reporting Clause

in the insurance policies in question and, with this type of insurance in the past, had customarily made such reports regularly. Indeed, there is an apparent lack of sufficient evidence to support the claim of the defendant that the written insurance policies were altered by any statement of Mr. Cloud or anyone associated with Montgomery.

█ Although plaintiffs did not supply defendant with forms on which to make its reports of value prior to the fire and did not notify defendant when defendant was delinquent in filing its value report forms, these facts are insufficient by themselves as a base upon which to apply the doctrines of waiver and estoppel to the Value Reporting Clause. Plaintiffs were not obligated to do these things under the terms of the insurance policies. While the defendant apparently received such forms previously from another insurance company, it cannot rely on this past experience when it never received any such reporting forms from plaintiffs prior to the fire. The plaintiffs' practice of notifying the insured when report of value forms were delinquent was only learned of by defendant after the fire and could hardly be relied upon by defendant. Actually, there is no showing that the defendant knew or relied upon either of these practices by plaintiffs or that plaintiffs in not doing these acts caused the defendant to act or change its position to its detriment so as to create a situation where waiver and estoppel might come into play.

█ Considering the record, there is little question that Montgomery was acting not as an agent of the plaintiffs but was an insurance broker. The record reflects that the defendant had trouble with its previous insurance company, had gone to Montgomery to get new insurance, and that Montgomery spread the insurance around among various insurance companies, including the two plaintiffs. Then

too, defendant in its "Answer" to the plaintiffs' Complaint for a Declaratory Judgment, admitted that "[a]ll the insurance was procured by Eastern Shore through J. A. Montgomery, Inc., a Delaware insurance broker . . . ". In 18 Del.C.Ann. § 1704, an insurance broker is defined as "an individual, firm or corporation who, not being an agent of the insurer, as an independent contractor and on behalf of the insured solicits, negotiates or procures insurance . . . for insureds or prospective insureds, other than himself". Therefore, if Montgomery is a broker and not the authorized agent of the plaintiffs, the actions of Montgomery in procuring the insurance policies are not imputable to the insurance companies, the plaintiffs in this case. 16 Appleman, Insurance Law and Practice, § 8725.

▇▇▇▇ Within its terms the Value Reporting Clause in this case sets down what the coverage of the policies would be in certain instances. One such provision of this clause which establishes coverage is that which limits liability to 75% of the face value of the policies if the first monthly report of value is delinquent when loss occurs. The Value Reporting Clause in the instant case does not have provisions of forfeiture in it. The doctrines of waiver and estoppel in a situation as is here are not available since as a general rule these doctrines are not to be invoked to bring within the coverage of an insurance policy risks, property or losses not covered by its terms or expressly excluded therefrom. 45 C.J.S. Insurance § 674; 1 A.L.R.3d, Insurance Coverage-Estoppel-Waiver, § 3; Finger v. St. Paul Fire and Marine Insurance Co., 423 S.W.2d 460, rehearing den. Jan. 1968 (Ct. of Civil Appeals of Texas, 1968); Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awn. Co., 287 F.2d 316, rehearing den. March 1961, April 1961 (7th Cir. 1961), cert. den. 368 U.S. 826, 82 S.Ct. 45, 7 L.Ed.2d 30; Peters v. Great American Ins. Co., 177 F.2d 773 (4th Cir. 1949);

C. E. Carnes & Co. v. Employers' Liability Assur. Corp., 101 F.2d 739 (5th Cir. 1939). To allow recovery of the full face value of the policies against the terms of the Value Reporting Clause, would hold the plaintiffs to a liability for which no premiums were charged. Since no report of value had been given within the appropriate time stated in the Value Reporting Clause the coverage of the insurance had been reduced to 75% of face value prior to the fire. To expand the coverage by a waiver and estoppel would be in this case to change radically the terms of the policies. It would indeed create new and different contracts for which the doctrine of estoppel may not be invoked. Mutual Benefit Life Ins. Co. of Newark, N. J. v. Bailey, supra. These are but further reasons why the doctrine of estoppel may not be invoked in the case at bar.

Another argument set forth by the defendant is that since it paid the maximum premiums, it has a right to the full coverage of the policies and the fact that it did not take advantage of the Value Reporting Clause, which is for the benefit and protection of the insured, is not material.

▇▇▇▇ The Value Reporting Clause in a fire insurance policy such as those in question, is indeed for the benefit of the insured. The "[m]onthly reporting insurance is a device whereby the amount of insurance under the policy fluctuates with the value of the changing stock of merchandise in a going business. It is designed to afford complete coverage and at the same time to avoid the maintenance of insurance in excess of the value of the property insured, . . . ". Peters v. Great American Ins. Co., supra. Generally the monthly reporting in fire insurance of the type in question is viewed as a benefit to the insured, yet the clause which stipulates the monthly reporting here, the Value Reporting Clause, should also be viewed as containing valuable safeguards for the in-

surer. One of these safeguards for the insurer in the policies in. question is the 75% limit on liability if the insured is delinquent in filing its first reporting form prior to a loss. This provision safeguards the insurer from having to assume the full financial risk of property possibly no longer in the possession of its policyholder. Another safeguard to the insurer in the instant case is that the insured's coverage is limited by the last value report filed by the insured prior to the loss. This provision in the clause helps protect the insurer against possible fraud or abuse on the part of the policyholder in reporting its inventory which controls the amount of premium to be paid. Thus, compliance with the Value Reporting Clause in the instant fire insurance policies are important to insured and insurer alike. Wallace v. World Fire & Marine Ins. Co., 70 F.Supp. 193 (D.C.-S. D.Cal.1947); Peters v. Great American Ins. Co., supra.

 The Court finds that the insurance contracts in question are clear and unambiguous in their terms. The defendant had the clear duty, no later than 30 days after the last day of each month, to make a monthly report of value and if the first report was not filed at the time of a loss, the limit of liability of the insurers was set at 75% of the applicable limit. Both plaintiffs, National and St. Paul, have met their contractual duty in having paid the defendant 75% of the face amount of their respective insurance policies.

The Court upon reviewing the entire record finds that there is no genuine issue of material fact and that the moving party, the plaintiffs, are entitled to judgment as a matter of law. The Court concludes, therefore, that the plaintiffs' motion for summary judgment should be granted.

It is so ordered.