**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PATRICK BLACK,       :
            :
   Plaintiff,      :
            :
   v.         :    C.A. No. S13C-04-018 RFS
            :
CHROMASCAPE, INC., a foreign  :
corporation, d/b/a AMERICMULCH, :
            :
   Defendant.     :

## ORDER

*Upon Defendant's Motion for Summary Judgment on Punitive Damages*
*Denied*

**AND NOW TO WIT,** this 9th day of August, 2016, upon consideration of Defendant's Motion for Summary Judgment on Punitive Damages, **IT APPEARS THAT:**

1. This case arises out of Plaintiff, Patrick Black's ("Plaintiff"), allegations against Defendant, Chromascape, Inc., a foreign corporation, d/b/a Amerimulch ("Defendant"), for negligence and/or recklessness in failing to adequately design, manufacture, or inspect the Mega Mite mulch-dyeing machine it sold to Plaintiff's employer. Defendant moved for summary judgment on Plaintiff's claim for punitive damages on February 15, 2016.

2. A motion for summary judgment pursuant to Superior Court Civil Rule 56 will be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] If the movant is able to show "that the undisputed facts support [its] claims or defenses, the burden shifts to the non-moving party to demonstrate

---

[1] Super. Ct. Civ. R. 56(c).

that material facts remain in dispute for resolution by the ultimate fact-finder."[2] While the Court is required to view the evidence in a light most favorable to the non-moving party, "the opponent cannot create a genuine issue of material fact through bare assertions or conclusory allegations."[3] "If the record indicates that a material fact is disputed, or if further inquiry into the facts is necessary to clarify the application of the law, summary judgment will not be granted."[4]

3.    The purpose of punitive damages is two-fold: (1) to punish wrongdoers and (2) to deter others from engaging in similar conduct in the future.[5] Punitive damages are recoverable "in situations where the defendant's conduct, though unintentional, has been particularly reprehensible, *i.e.* reckless, or motivated by malice or fraud,"[6] or where the defendant's conduct "exhibits a wanton or willful disregard for the rights of the plaintiff."[7] A defendant's conduct is willful or wanton when it reflects a "conscious indifference" or an "I don't care attitude."[8] Determining whether a defendant's conduct justifies an award of punitive damages is typically a question for the jury to decide.[9] However, "[w]hen the Court construes the facts most favorably for the plaintiffs and the evidence permits no reasonable inference a defendant's conduct is sufficiently outrageous to warrant imposition of punitive damages, summary judgment on punitive damages is appropriate."[10]

---

[2] *Image Hair Solutions Med. Ctr. v. Fox Television Stations*, 2016 WL 425158, at *3 (Del. Super. Jan. 29, 2016) (quoting *Gerstley v. Mayer*, 2015 WL 756981, at *3 (Del. Super. Feb. 11, 2015) (internal quotation marks omitted)).
[3] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 53 (Del. Super. 1995) (citing *Martin v. Nealis Motors, Inc.*, 247 A.2d 831, 833 (Del. 1968)).
[4] *Grasso v. First USA Bank*, 713 A.2d 304, 307 (Del. Super. 1998).
[5] *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 529 (Del. 1987).
[6] *Id.*
[7] *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983).
[8] *Id.* (internal citations omitted).
[9] *See Brown v. United Water Del. Inc.*, 3 A.3d 272, 276 (Del. 2010) ("Ordinarily, questions of gross negligence and willful or wanton conduct are for the jury and are not susceptible to summary adjudication.").
[10] *Greenlee v. Imperial Homes Corp.*, 1994 WL 465556, at *9 (Del. Super. July 19, 1994) (citing *Jardel Co., Inc.*, 523 A.2d at 527)).

4.     In support of its Motion, Defendant contends "the evidence in this case wholly fails to establish that [Defendant] acted so outrageously, from an evil motive, or with reckless indifference to end users of its product . . . ."[11] The Court disagrees. Plaintiff has submitted evidence which demonstrates that Defendant was aware of the Mega Mite's bridging issues but neither trained its end-users on how to clear a bridged hopper nor took steps to rectify the problem. Also, there is evidence to indicate the warning sign was not adequate for the particular risk posed by the bridging phenomenon. Further, despite an awareness of numerous accidents that resulted in catastrophic injuries, Defendant did very little to make the Mega Mite safer. In viewing the facts in a light most favorable to Plaintiff, the Court concludes that issues of fact remain with respect to Defendant's claimed reckless indifference. Accordingly, summary judgment is inappropriate.

**NOW, THEREFORE,** this 9th day of August, 2016, Defendant's Motion for Summary Judgment on Punitive Damages is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Richard F. Stokes*

_____

The Honorable Richard F. Stokes

cc:     Prothonotary's Office
Matthew R. Fogg, Esquire
Debra C. Aldrich, Esquire
Kevin J. Connors, Esquire

---

[11] Def.'s Op. Br. in Supp. of its Mot. for Summ. J. at 16.

3