# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. N16L-01-070 ALR |
| | ) | |
| JACQUELINE EDWARDS A/K/A | ) | |
| JACQUELINE A. EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Upon Plaintiff's Motion for Summary Judgment*
**GRANTED**

Submitted: December 20, 2016
Decided: March 13, 2017

This is a mortgage foreclosure case. Upon consideration of the Motion for Summary Judgment filed by Plaintiff Bayview Loan Servicing LLC ("Plaintiff"); the Response in Opposition filed by Defendant Jacqueline Edwards ("Defendant"); the Superior Court Civil Rules; the facts, arguments, and authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On March 7, 2006, Defendant executed and delivered a valid Mortgage and Note to CitiFinancial, Inc. for property located in Wilmington, Delaware. The Mortgage permits the Mortgage holder to foreclose on the property upon Defendant's failure to make timely payments pursuant to the Mortgage.

2. Defendant defaulted under the Mortgage by failing to pay required monthly installments when due. Plaintiff demanded Defendant's payment and advised Defendant of Plaintiff's intent to accelerate the balance of the Mortgage if arrearages were not paid.

3. On January 18, 2016, CitiFinancial Servicing LLC initiated this foreclosure action seeking entry of judgment against Defendant for the principal sum owed on the Mortgage after Defendant failed to cure her default. The Mortgage is attached to CitiFinancial Servicing LLC's Complaint as "Exhibit A." Service of process was effected on Defendant.

4. On May 3, 2016, Defendant filed a Motion to Dismiss CitiFinancial Servicing LLC's complaint. On May 26, 2016, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss and a Motion to Substitute Parties and Amend Complaint.

5. On June 7, 2016, this Court held a hearing regarding Defendant's Motion to Dismiss. During the June 7 hearing, Defendant represented to the Court that Plaintiff had engaged in self-help during the foreclosure process. Specifically, Defendant alleged that the property was entered without authorization and that the front door locks were changed. Plaintiff conceded that self-help is not an available remedy under Delaware law. The Court provided Defendant an opportunity to conduct discovery regarding her self-help claim.

6. By Order dated June 8, 2016, this Court granted Plaintiff's Motion to Substitute Parties and Amend Complaint, and denied Defendant's Motion to Dismiss.

7. On June 21, 2016, Plaintiff filed an Amended Complaint against Defendant. On July 7, 2016, service of process was effected on Defendant.

8. On June 28, 2016, Defendant docketed photographs of a padlock on the front door of the property, a notice placed on the window, a warning that the property had been "winterized" by disconnecting the water meter, and a photograph of the kitchen sink at which the water had been shut off. Upon consideration of this evidence, this Court issued a Rule to Show Cause requesting Plaintiff to show cause as to why sanctions should not be imposed for engaging in improper self-help during the mortgage foreclosure process.

9. On July 21, 2016, the Court held a hearing regarding the Rule to Show Cause. Plaintiff established that Defendant had failed to participate in the mortgage mediation process and that foreclosure of the property could proceed. This Court discharged the Rule to Show Cause and ordered Defendant to file an answer to Plaintiff's Amended Complaint within 20 days from the July 21 hearing.

10. On August 10, 2016, Defendant filed an Answer to Plaintiff's Amended Complaint and raised an affirmative defense of lack of standing. Defendant argues that (1) Plaintiff fails to establish that Plaintiff is the proper party

in interest to the Mortgage with authority to commence foreclosure proceedings; (2) Plaintiff failed to properly verify and validate Defendant's debt; and (3) the Note and Mortgage are separate, rendering the Mortgage void and unenforceable as a matter of law.

11.    On October 11, 2016, Plaintiff filed the Motion for Summary Judgment that is currently before the Court.  Plaintiff asserts that (1) the Mortgage is valid and enforceable as a matter of law; (2) Plaintiff has established that Plaintiff is the proper party in interest to the Mortgage and that Defendant is in default; (3) Plaintiff properly verified Defendant's debt; (4) Defendant fails to assert an allowable defense for a mortgage foreclosure action; and (5) Defendant's allegations are unsupported by factual evidence.  Plaintiff contends that there are no genuine issues of material fact and that judgment as a matter of law is appropriate.

12.    Subject to the extensions of time granted by the Court, on December 20, 2016, Defendant filed a response in opposition to Plaintiff's Motion for Summary Judgment.

13.    The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  The moving party bears the

---

[1] Super. Ct. Civ. R. 56(c).

initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

14. Upon a mortgagor's breach of a mortgage, Delaware law permits "the mortgagee, the mortgagee's heirs, executors, administrators, successors, or assigns" to institute foreclosure proceedings in Superior Court.[4]

15. "An assignment of a mortgage or any sealed instrument attested by [one] creditable witness shall be valid and effectual to convey all the right and interests of the assignor."[5] In this case, a valid and notarized Notice of Assignment of the Mortgage from CitiFinancial, Inc. to CitiFinancial Servicing LLC, executed August 12, 2015, and recorded on August 25, 2015, is included as part of "Exhibit A" to Plaintiff's Amended Complaint. Additionally, a valid and notarized Notice of Assignment of the Mortgage from CitiFinancial Servicing LLC to Plaintiff, executed March 31, 2016, and recorded on April 11, 2016, is also included as part of "Exhibit A" to Plaintiff's Amended Complaint. Defendant has not presented

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[3] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[4] 10 *Del. C.* § 5061(a).
[5] 25 *Del. C.* § 2109(a).

credible evidence to call the validity of these Mortgage assignments into question,[6] and the assignments meet the requirements set forth under Delaware law. This Court is satisfied that Plaintiff is the proper party in interest and has standing to bring this action as a valid assignee of the Mortgage.

16.    Defendant asserts that Plaintiff failed to properly verify and validate Defendant's debt in response to Defendant's notice of dispute. However, by letter dated May 12, 2016, Plaintiff responded to Defendant's notice of dispute by providing documentation establishing the validity of Defendant's debt and Plaintiff's authority to institute foreclosure proceedings.[7] Plaintiff's May 12, 2016 letter is included as "Exhibit C" to Defendant's Answer to Plaintiff's Amended Complaint. Furthermore, by letter dated June 13, 2016, Plaintiff responded to Defendant's requests for production by providing additional copies of the same documents evidencing the validity of Defendant's debt. Plaintiff's June 13, 2016

---

[6] *See Kennedy v. Giannone*, 1987 WL 37799, at *1 (Del. June 16, 1987) ("Mere denials in his pleadings . . . are insufficient under Rule 56 to oppose a motion for summary judgment. Similarly the unsupported conclusory denials . . . do not constitute admissible factual evidence, and hence cannot be relied upon to raise a genuine issue of material fact."); *Martin v. Nealis Motors, Inc.*, 247 A.2d 831, 833 (Del. 1968) ("Unverified allegations in the complaint do not suffice as substitute for evidence to preclude summary judgment . . . ."); *Fed. Nat'l Mortg. Ass'n ("FNMA") v. Graham*, 2015 WL 6437621, at *3 (Del. Super. Oct. 22, 2015) ("Unfortunately for Plaintiff, the law is clear that an unsupported defense, does not, by itself, raise a genuine issue of material fact.").

[7] The documents include account activity statements, notices of transfer, the Mortgage, the Mortgage Assignments, the Note, a HUD Settlement Statement, a good faith estimate, a notice of default, and a notice of intent to accelerate.

letter is included as "Exhibit C" to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment. This Court finds that Plaintiff properly responded to Defendant's notice of dispute and has provided the necessary documentation to verify Defendant's debt.

17. Defendant asserts that the Mortgage is void as a matter of law because the Mortgage is separate from the Note. However, Delaware decisional law reflects that "*scire facias sur* mortgage actions are based upon the mortgage, not the Note."[8] Although a note and its related mortgage are typically held by the same entity, the documents confer separate rights and obligations and may be freely transferred as individual instruments.[9] "As such, it is irrelevant who owns or has interest in the note or mortgage as long as it does not affect the debtor's ability to make payments."[10] Contrary to Defendant's contention, the fact that the Note and Mortgage are separate does not render the Mortgage void and unenforceable as a matter of law.

---

[8] *M&T Bank v. Watkins*, 2016 WL 4123903, at *2 (Del. Super. July 29, 2016) (quoting *HSBC Mortg. Corp. (USA) v. Bendfeldt*, 2014 WL 600233, at *2 (Del. Super. Feb. 4, 2014)). *See also Bank of N.Y. Mellon v. Shrewsbury*, 2016 WL 3010187, at *2 (Del. Super. May 18, 2016) ("Defendants fail to demonstrate that the Court has overlooked a controlling precedent or legal principles . . . based on their unsupported, repetitive, and similarly unavailing argument that Delaware law requires a mortgagee hold both the note and the mortgage in order to bring a mortgage foreclosure action under 10 *Del. C.* § 5061(a).").

[9] *Tolle v. Greenpoint Mortg. Funding, Inc.*, 2015 WL 5158276, at *2 (Del. Super. Apr. 20, 2015); *Davis v. 913 N. Mkt. St. P'ship*, 1996 WL 769326, at *1 (Del. Super. Dec. 12, 1996).

[10] *Tolle*, 2015 WL 5158276, at *2.

7

18.	Permissible defenses in a mortgage foreclosure action are limited to defenses that relate to the mortgagor's obligations under the mortgage.[11] Defendant's available defenses are "limited to payment, satisfaction, absence of seal, or a plea in avoidance of the deed."[12]  This Court agrees with Plaintiff that Defendant fails to set forth specific facts and credible evidence to create a genuine issue of material fact or support an allowable defense in this action.  Accordingly, summary judgment is appropriate.[13]

**NOW, THEREFORE, this 13th day of March, 2017, Plaintiff's Motion for Summary Judgment is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[11] *Legg v. Nationstar Mortg. LLC*, 2017 WL 568346, at *2 (Del. Feb. 6, 2017); *McCafferty v. Wells Fargo Bank, N.A.*, 2014 WL 7010781, at *3 (Del. Dec. 8, 2014).

[12] *Brooks v. BAC Home Loans Serv., LP*, 2012 WL 3637238, at *2 n.11 (Del. Aug. 23, 2012) (quoting *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 895 (Del. Super. 1973)).

[13] *See Wells Fargo Bank, NA v. Nickel*, 2011 WL 6000787, at *2 (Del. Super. Nov. 18, 2011).